# *Exhibit A*

*Exhibit A*

812291-21

CERTIFICATE OF INCORPORATION

OF

NATURAL RESOURCES DEFENSE COUNCIL, INC.

Pursuant to the Membership Corporations Law

STATE OF NEW YORK
DEPARTMENT OF STATE
FILED FEB 3 1970
TAX $ None
FILING FEE $ 50

*John P. Lomenzo*
Secretary of State
By

P-31 NY

Simpson Thacher & Bartlett
120 Broadway
New York, New York 10005

Trujillo Declaration
Page 5

81    Exhibit A

'tate of New York  }
                   }  ss.:
epartment of State }

**1765**

hereby certify that I have compared the annexed copy with the original document filed by the Department of State

d that the same is a correct transcript of said original.

WITNESS my hand and seal of the Department of State on    JAN 1 0 1972

*John P. Lomenzo*
Secretary of State

–504

Trujillo Declaration
Page 6

82    Exhibit A



812294

# The University of the State of New York

STATE OF NEW YORK:
         : SS.
COUNTY OF ALBANY :

    Pursuant to the provisions of Section 11, Article 2 of the Membership Corporations Law, consent is hereby given to the filing of the annexed certificate of incorporation of

    NATURAL RESOURCES DEFENSE COUNCIL, INC.

as a membership corporation.

    This consent, however, shall in no way be construed as an approval by the Board of Regents, Commissioner of Education or Education Department of the purposes and objects of this corporation, nor shall it be construed as giving the officers or agents of this corporation the right to use the name of the Board of Regents, Commissioner of Education, University of the State of New York or Education Department in its publications and advertising matter, nor shall it be deemed to be a waiver of the approval of the Board of Regents for the conduct of a correspondence school by such corporation, as provided in Section 5002 of the Education Law.



    IN WITNESS WHEREOF, I, Ewald B. Nyquist, Commissioner of Education of the State of New York, for and on behalf of the State Education Department, do hereunto set my hand and affix the seal of the State Education Department, at the City of Albany, this 24th day of December 1969.

Commissioner of Education

CERTIFICATE OF INCORPORATION

OF

NATURAL RESOURCES DEFENSE COUNCIL, INC.

Pursuant to the Membership Corporations Law

We, the undersigned, for the purpose of forming
a membership corporation, pursuant to the Membership
Corporations Law of the State of New York, do hereby
certify as follows:

FIRST:  The name of the corporation shall be
Natural Resources Defense Council, Inc.

SECOND:  The purposes for which the corporation
is to be formed are:

To preserve, protect and defend natural
resources, wildlife and environment against
encroachment, misuse and destruction.

To conduct research and to collect,
compile and publish facts, information and
statistics concerning natural resources, wild-
life and environment and to conduct public
education programs with respect thereto.

To take whatever legal steps may be
appropriate and proper to carry out the fore-
going purposes.

To receive and maintain a fund or funds
of real or personal property, or both, and
subject to the restrictions and limitations

Trujillo Declaration
Page 8

84        Exhibit A

hereinafter set forth, to use and apply the
whole or any part of the income therefrom and
the principal thereof exclusively for the
aforesaid purposes, either directly or by con-
tributions to organizations that qualify as
exempt organizations under Section 501(c)(3)
of the United States Internal Revenue Code,
and Regulations thereunder, as now existing
or hereafter in effect, it being intended that
the corporation be organized and operated for
charitable, scientific, testing for public
safety, and educational purposes and not for
pecuniary profit so as to qualify as an
organization exempt from taxation under
Section 501(c)(3) of the United States Internal
Revenue Code, and Regulations thereunder, as
now existing or hereafter in effect.

Nothing herein shall authorize the corpora-
tion, directly or indirectly, to engage in or to
include among its purposes any of the activities
mentioned in Membership Corporations Law Section
11 or Social Welfare Law Section 35.

No part of the income of the corporation,
if any, shall inure to the benefit of any
member, trustee or officer of the corporation,
or any private individual having a personal and
private interest in the corporation (except that
reasonable compensation may be paid to any thereof

for services rendered to or for the corporation affecting one or more of its purposes), and no member, trustee or officer of the corporation, or any such private individual shall be entitled to share in the distribution of any of the corporate assets on dissolution of the corporation. No sub-stantial part of the activities of the corporation shall be carrying on propaganda, or otherwise attempting to influence legislation, and the cor-poration shall not participate in, or intervene in (including the publication or distribution of state-ments), any political campaign on behalf of or in opposition to any candidate for public office.

Upon the dissolution of the corporation or the winding up of its affairs, the assets of the corpora-tion, after payment of all debts and obligations of the corporation, shall be distributed to organizations which would then qualify as organizations exempt from taxation under Section 501(c)(3) of the Internal Revenue Code, and Regulations thereunder, as now existing or hereafter in effect, subject to order by the Supreme Court of the State of New York as provided by law.

In furtherance of the foregoing purposes, the corporation shall have the following powers:

To accept, acquire, receive, take, and hold by bequest, devise, grant, gift, purchase, exchange, lease, transfer, judicial order or decree, or other-wise, for any of its purposes, any property, both real and personal, of whatever kind, nature, or description and wherever situated.

To sell, exchange, convey, mortgage, lease,
transfer, or otherwise dispose of, any such property,
both real and personal, as the objects and purposes
of the corporation may require, subject to such
limitations as may be prescribed by law.

To borrow money, and, from time to time, to make,
accept, endorse, execute, and issue bonds, debentures,
promissory notes, bills of exchange, and other obliga-
tions of the corporation for moneys borrowed or in
payment for property acquired or for any of the other
purposes of the corporation, and to secure the payment
of any such obligations by mortgage, pledge, deed,
indenture, agreement, or other instrument of trust,
or by other lien upon, assignment of, or agreement in
regard to all or any part of the property, rights, or
privileges of the corporation wherever situated,
whether now owned or hereafter to be acquired.

To invest and reinvest its funds in such stock,
common or preferred, bonds, debentures, mortgages, or
in such other securities and property as its Trustees
shall deem advisable, subject to the limitations and
conditions contained in any bequest, devise, grant,
or gift, provided such limitations and conditions are
not in conflict with the provisions of Section 501(c)
(3) of the Internal Revenue Code, and Regulations
thereunder, as now existing or hereafter in effect.

In general, and subject to such limitations and
conditions as are or may be prescribed by law, to
exercise such other powers which now are or hereafter
may be conferred by law upon a corporation organized

Trujillo Declaration
Page 11

87          Exhibit A

for the purposes hereinabove set forth, or necessary or
incidental to the powers so conferred, or conducive to
the attainment of the purposes of the corporation, sub-
ject to the further limitation and condition that, not-
withstanding any other provision of this certificate,
only such powers shall be exercised as are in further-
ance of the tax-exempt purposes of the corporation and
as may be exercised by an organization exempt from
taxation under Section 501(c)(3) of the Internal
Revenue Code, and Regulations thereunder, as now,
existing or hereafter in effect, and by an organiza-
tion contributions to which are deductible under
Section 170(c)(2) of such Code and Regulations as now
existing or hereafter in effect.

THIRD:  The operations of the corporation are to
be conducted in the United States of America and its
territories and possessions but the operations of the cor-
poration shall not be limited to such territory.

FOURTH:  The principal office of the corporation
is to be located in the City of New York, County of New
York, State of New York.

FIFTH:  The number of directors, who shall be
known as Trustees, of the corporation shall be not less
than five nor more than thirty.

SIXTH:  The names and residences of the persons
who shall be Trustees until the first annual meeting of
the corporation, and, with respect to any Trustee residing
in a city, the street and number or other particular

description of such residence are:

| Name | Place of Residence |
|------|-------------------|
| Adele Auchincloss | 1111 Park Avenue<br>New York, New York |
| Stephen P. Duggan | 47 East 88th Street<br>New York, New York |
| Robert W. Gilmore | 39 West 11th Street<br>New York, New York |
| James Marshall | 30 West 54th Street<br>New York, New York |
| David Sive | 89 Lark Street<br>Pearl River<br>Rockland, New York |

SEVENTH: All of the subscribers to this certificate are of full age; at least two-thirds of them are citizens of the United States; at least one of them is a resident of the State of New York; and of the persons named as Trustees, at least one is a citizen of the United States and a resident of the State of New York.

IN WITNESS WHEREOF, we have made, subscribed,

-6-

Trujillo Declaration
Page 13

89          Exhibit A

and acknowledged this certificate this 19th day of

December , 1969.

_Adele Auchincloss_
Adele Auchincloss

_Stephen P. Duggan_
Stephen P. Duggan

_Robert W. Gilmore_
Robert W. Gilmore

_James Marshall_
James Marshall

_David Sive_
David Sive

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

On this 19th day of December, 1969, before me
personally came Adele Auchincloss,
to me known and known to me to be the individual described
in and who executed the foregoing Certificate of Incorpora-
tion, and duly acknowledged to me that she executed the
same.

_Kay Podell_
Notary Public

KAY PODELL
Notary Public, State of New York
No. 31-8194200
Qualified in New York County
Commission Expires March 30, 1970


STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

On this 19th day of December, 1969, before me
personally came  Stephen P. Duggan,
to me known and known to me to be the individual described
in and who executed the foregoing Certificate of Incorpora-
tion, and duly acknowledged to me that  he executed the
same.

_Kay Podell_
Notary Public

KAY PODELL
Notary Public, State of New York
No. 31-8194200
Qualified in New York County
Commission Expires March 30, 1970


STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

On this 19th day of December, 1969, before me
personally came Robert W. Gilmore,
to me known and known to me to be the individual described
in and who executed the foregoing Certificate of Incorpora-
tion, and duly acknowledged to me that  he executed the
same.

_Kay Podell_
Notary Public

KAY PODELL
Notary Public, State of New York
No. 31-8194200
Qualified in New York County
Commission Expires March 30, 1970


Trujillo Declaration
Page 15

91          Exhibit A

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

On this 19th day of December, 1969, before me
personally came   James Marshall,
to me known and known to me to be the individual described
in and who executed the foregoing Certificate of Incorpora-
tion, and duly acknowledged to me that  he executed the
same.

_Kay Podell_
Notary Public

KAY PODELL
Notary Public, State of New York
No. 31-7971202
Qualified in New York County
Commission Expires March 30, 1970

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

On this 19th day of December, 1969, before me
personally came  David Sive,
to me known and known to me to be the individual described
in and who executed the foregoing Certificate of Incorpora-
tion, and duly acknowledged to me that  he executed the
same.

_Kay Podell_
Notary Public

KAY PODELL
Notary Public, State of New York
Qualified in New York County
Commission Expires March 30, 1970

Trujillo Declaration
    Page 16

92              Exhibit A

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

       Thomas W. Cashel, being duly sworn, deposes and says that he is the attorney for the subscribers of the annexed Certificate of Incorporation and that to the best of his information and belief all subscribers of the foregoing Certificate of Incorporation are over twenty-one years of age; that at least two-thirds of them are citizens of the United States, and at least one of them is a resident of the State of New York; and that no previous application for an order approving the foregoing Certificate of Incorporation has been made to any Justice of the Supreme Court.

                                 _____
                                   Thomas W. Cashel

Sworn to before me this 19th
day of December, 1969.

_____
Notary Public

I,                              , a Justice of the
Supreme Court of the State of New York in and for the
                                Judicial District, do hereby
approve the within Certificate of Incorporation of Natural
Resources Defense Council, Inc. and of the filing thereof.


Dated,                  N.Y.
            , 1969


                              Justice of the Supreme Court of
                              the                  Judicial
                              District of the State of New York.


Notice of application waived
(This is not to be deemed an
approval on behalf of any
Department or Agency of the
State of New York, nor an
authorization of activities
otherwise limited by law.)
Dated; Mar. 29 1970
        LOUIS J. LEFKOWITZ
        Attorney General

By
   Assistant Attorney General

At a term of the Appellate
Division of the Supreme
Court of the State of
New York, held in and for
the First Department, at
the Courthouse thereof
in the County of New York
on the 29th day of
January , 1970

P R E S E N T :   HAROLD A. STEVENS, Presiding Justice
                  LOUIS J. CAPOZZOLI,
                  ARTHUR MARKEWICH
                  EMILIO NUNEZ
                  ARON STEUER,  Justices

-------------------------------------X

In the Matter of the Application of
Stephen P. Duggan for approval of the          ORDER
incorporation of

NATURAL RESOURCES DEFENSE COUNCIL, INC.

-------------------------------------X

Upon reading and filing the annexed petition of Stephen P.

Duggan, verified the 29th day of January, 1970, the annexed

proposed Certificate of Incorporation of NATURAL RESOURCES

DEFENSE COUNCIL, INC. (the "Corporation"), dated December 19,

1969, and upon motion of the said petitioner and due

deliberation having been had thereon, it is

ORDERED, that the petitioner's application be and the same

hereby is granted subject to the terms of this Order; and

it is further

ORDERED, that the existence, organization and incorporation

of the Corporation for the purposes provided in the Certifi-

cate of Incorporation be, and the same is, approved pursuant

to the requirements of Section 10 of the New York Membership

Corporations Law and Section 495 of the New York Judiciary

Trujillo Declaration
     Page 19

95          Exhibit A                    13

Law; and it is further

ORDERED, that the Corporation shall exercise its powers
subject to the following restrictions, limitations and
conditions:

       (a)  the By-Laws of the Corporation shall at all
times provide for a Legal Committee of the Board of Trustees
which shall consist of three Trustees and the Executive
Director and Counsel, all of whom shall be attorneys and
counselors at law licensed to practice in this State,
the Legal Committee to have supervision and control over
all attorneys and counselors at law employed on the legal
staff of the Corporation (i) in the conduct of any and all
legal actions and proceedings in which the Corporation
renders any legal advice or legal services or furnishes
any counsel employed on the legal staff of the Corporation
to persons other than the Corporation itself and (ii) in
rendering any other legal advice or legal services or
furnishing any counsel employed on the legal staff of the
Corporation to persons other than the Corporation itself;

       (b)  the By-Laws of the Corporation shall at all
times provide for an Executive Director and Counsel who
shall be an attorney and counselor at law licensed to
practice in this State and who shall supervise, subject
to the general supervision and control of the Legal Com-
mittee of the Board of Trustees, the exercise by the
Corporation of the powers authorized by the terms of this
Order;

(c) the Board of Trustees of the Corporation shall employ the Executive Director and Counsel and, subject to authorization by the Board of Trustees, the Executive Director and Counsel shall hire and supervise, subject to the general supervision and control of the Legal Committee of the Board of Trustees, all legal professional staff personnel employed by the Corporation;

(d) the By-Laws of the Corporation shall provide that at least one-third of the Board of Trustees shall at all times be attorneys and counselors at law licensed to practice in this State;

(e) the Corporation shall not permit nonprofessionals employed by it to decide or advise on professional matters or interfere with attorneys in the rendering of legal services;

(f) each attorney employed by the Corporation shall be subject to the jurisdiction, control and supervision of this Court or the appropriate court of the jurisdiction in which he is admitted to practice to the same extent as if he were self-employed in the private practice of the law;

(g) if any law student shall be employed by the Corporation he shall be under the direct supervision of an attorney and shall only be employed to perform research, conduct interviews and assist attorneys to the extent that such duties shall not constitute the practice of law; this shall not constitute approval of the use of law students pursuant to Section 478 of the New York Judiciary Law;

(h)  the Certificate of Incorporation and By-Laws
of the Corporation may be modified or amended from time to
time without the necessity of any prior approval of this
Court, provided any such amendment or modification does not
effect a change of the corporate name or an amendment or
modification of the corporate purposes or conflict with
the restrictions, limitations and conditions as set forth
in this Order; and it is further

ORDERED, that all of the powers hereby authorized are sub-
ject to and shall be exercised in accordance with the
Canons of Professional Ethics and the rules of this
Court regulating the conduct of attorneys or of legal
service corporations; and it is further

ORDERED, that the powers hereby authorized may be exercised
for a period of three years from the date of the entry of
this Order and thereafter for additional periods as deter-
mined by this Court upon application of the Corporation.

ENTER

/s/   Harold A. Stevens
      Louis J. Capozzoli
      Arthur Markewich
      Aron Steuer
      Emilio Nunez

APPELLATE DIVISION SUPREME COURT FIRST DEP'
STATE OF NEW YORK
I, HYMAN W. GAMSO, Clerk of the Appellate Division of t
First Judicial Department, do hereby certify that I have comp
the original thereof filed in said office on   JAN 2 9 1970
same is a correct transcript thereof, and of the whole of
IN WITNESS WHEREOF I have hereunto set my hand  nd all
of this Court on   JAN 2 9 1970

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : FIRST JUDICIAL DEPARTMENT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In the Matter of the Application of Stephen
P. Duggan for approval of the incorporation
of                                                              PETITION

NATURAL RESOURCES DEFENSE COUNCIL, INC.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

TO THE APPELLATE DIVISION OF THE SUPREME COURT OF
THE STATE OF NEW YORK, FIRST JUDICIAL DEPARTMENT:

The petition of Stephen P. Duggan respectfully shows that:

    1.  The petitioner is an attorney and counselor
at law duly admitted to practice in the State of New York
and is one of the subscribers to the Certificate of Incor-
poration of NATURAL RESOURCES DEFENSE COUNCIL, INC.; a
corporation being organized under the Membership Corporations
Law of the State of New York (the "Corporation"). The
principal office of the Corporation will be located in the
County of New York. The other subscribers to the Certifi-
cate of Incorporation are Mrs. Louis Auchincloss, Robert W.
Gilmore, James Marshall and David Sive. Messrs. Marshall
and Sive are both members of the Bar of the State of New
York; Mrs. Auchincloss is the wife of a member of the Bar
of the State of New York; and Mr. Gilmore is a layman active
in many civic and philanthropic organizations, including
being a director of the NAACP Legal Defense & Educational
Fund, Inc. (a corporation approved by this Court).

    2.  The Certificate of Incorporation of the Cor-
poration, a copy of which is annexed hereto as Exhibit "A",
is presented to this Court for approval pursuant to Section
10 of the Membership Corporations Law and Section 495 of

the New York Judiciary Law.  The proposed By-Laws of the
Corporation to be adopted upon its organization are annexed
hereto as Exhibit "B".

      3.  The Corporation is being incorporated for the
following purposes:

      To preserve, protect and defend natural
resources, wildlife and environment against
encroachment, misuse and destruction.

      To conduct research and to collect, com-
pile and publish facts, information and
statistics concerning natural resources, wild-
life and environment and to conduct public
education programs with respect thereto.

      To take whatever legal steps may be
appropriate and proper to carry out the fore-
going purposes.

It is anticipated that the Corporation will be an organiza-
tion exempt from tax and an organization contributions to
which are deductible under the United States Internal
Revenue Code and regulations thereunder.  Accordingly, the
Corporation is being created for benevolent and charitable
purposes within the meaning and intent of the exception de-
scribed in subdivision (5) of Section 495 of the New York
Judiciary Law.

      4.  The Constitution of the State of New York,
Article XIV, Section 4, was recently amended to provide
expressly that "the policy of the State shall be to conserve
and protect its natural resources and scenic beauty. . . ."
Mounting evidence of environmental pollution and

Trujillo Declaration
Page 24

Exhibit A

100

deterioration requires concerted effort, public and private, to implement the public policy of protection and conservation of natural resources. The Corporation will act in pursuance of its purposes to provide assistance to persons and conservation organizations engaged in programs and legal actions or proceedings designed to protect natural resources and will also take such legal action in its own name as it may determine necessary for the protection of natural resources in particular cases. Although the Corporation may on occasion retain independent outside counsel to provide representation in such actions or proceedings, it is contemplated that attorneys employed as members of the Corporation's legal staff may also appear on its behalf of on behalf of the other organizations or individuals to whom the Corporation may offer assistance in connection with the preservation, protection and defense of natural resources, wildlife and environment.

5. The By-Laws of the Corporation will at all times require that at least one-third of the Board of Trustees shall be attorneys and counselors at law licensed to practice in this State. The Board of Trustees will not be limited to attorneys, but the Corporation will maintain its own legal staff under the direction of an Executive Director and Counsel and supervised by a Legal Committee of the Board of Trustees, as provided in its By-Laws, the Legal Committee and the Executive Director and Counsel to be attorneys and counselors at law licensed to practice in this State.

6. It is not the intention through the creation of this Corporation to interfere in any way with the individual

Trujillo Declaration
Page 25

101        Exhibit A

responsibility of any of the attorneys retained or employed by it in meeting their full professional duties and obligations. To the extent that the activities of the Corporation may involve professional legal services these would solely be in connection with the carrying out of the Corporation's purposes in preserving, protecting and defending natural resources, wildlife and environment. The Corporation would not hold itself out to the general public as offering to furnish general legal advice, services or counsel. All legal decisions would be made only by attorneys retained or employed by the Corporation, who would be fully answerable for their professional conduct.

      7. No previous application has been made for the relief sought herein.

      WHEREFORE, petitioner prays that the incorporation of NATURAL RESOURCES DEFENSE COUNCIL, INC. be approved.

                              _Stephen P. Duggan_
                                  Petitioner

STATE OF NEW YORK  )
                : ss.:
COUNTY OF NEW YORK )

      Stephen P. Duggan, being duly sworn, deposes and says that he is the petitioner referred to in the foregoing Petition; that he has read and signed the same and that the statements contained therein are true.

                                _Stephen P. Duggan_

Sworn to before me this
29th day of January, 1970

_Kay Powell_

KAY POWELL
Notary Public, State of New York
No. 31-0191700
Qualified in New York County
Commission Expires March 30, 1970

Trujillo Declaration
Page 26

102    Exhibit A