1  RONALD J. TENPAS
   Acting Assistant Attorney General
2  Environment and Natural Resources Division
   UNITED STATES DEPARTMENT OF JUSTICE

3  JEAN E. WILLIAMS, Chief
   KRISTEN L. GUSTAFSON, Senior Trial Attorney
4  Wildlife and Marine Resources Section
   GUILLERMO MONTERO, Trial Attorney
5  Natural Resources Section
   Environment & Natural Resources Division
6  UNITED STATES DEPARTMENT OF JUSTICE
   Benjamin Franklin Station - P.O. Box 7369/ P.O. Box 663
7  Washington, D.C. 20044
   (202) 305-0211 (tel.) / (202) 305-0443 (tel.)
8  (202) 305-0275 (fax) / (202) 305-0274 (fax)
   Kristen.Gustafson@usdoj.gov
9  Guillermo.Montero@usdoj.gov

   Counsel for Federal Defendants

10

11                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA
12                        SAN FRANCISCO DIVISION

13

14

15  NATURAL RESOURCES DEFENSE COUNCIL,  )
    INC., et al.,                       )
16                                      )
                                        )
17         Plaintiffs,                  ) Civ. Action No. 07-4771-EDL
                                        )
18                                      ) **DECLARATION OF**
    CARLOS M. GUTIERREZ, SECRETARY OF   ) **KENNETH HOLLINGSHEAD**
19  THE UNITED STATES DEPARTMENT OF     )
    COMMERCE, et al.                    )
20                                      )
           Federal Defendants.         )
21  _____ )

22

23

24

DECLARATION OF KENNETH HOLLINGSHEAD
Case No. 07-04771 EDL

1

1    I, KENNETH HOLLINGSHEAD, declare that the following is true and correct to the best of my

2    knowledge:

3    　　　1. I am a Fishery Biologist employed by the National Marine Fisheries Service (NOAA

4    Fisheries), for the past 33 years. Since 1994, I have been the program manager for the Incidental

5    Take Program (ITP) in the Office of Protected Resources. During that time period, this program

6    has promulgated rulemakings and innumerable Incidental Harassment Authorization actions for

7    various activities such as oil and gas exploration (seismic surveys) and production (including

8    offshore structure removals), Navy "ship shock" trials, an onshore nuclear power station (taking

9    seals through offshore water intakes), Navy and U.S. Air Force missile testing, and scientific

10    exploration of the seabed using seismic and other oceanographic instruments.   Prior to the ITP, I

11    worked in several NOAA Fisheries programs that included promulgating regulations and

12    developing  National Environmental Policy Act documents regarding interactions between

13    marine mammals and commercial fisheries (i.e., general permit programs for the purse seine

14    fishery for yellowfin tuna taking dolphins, the Japanese high seas salmon driftnet fishery taking

15    Dall's porpoise, and the incidental take authorizations for commercial fishing) and pinniped

16    management programs (e.g., Pribilof Islands fur seals). I also worked on various projects under

17    the Endangered Species Act (ESA), including the determination that the eastern North Pacific

18    stock of gray whales could be removed from the list of endangered and threatened species. Prior

19    to employment by NOAA, I was employed by the U.S. Naval Oceanographic Office as a

20    biological oceanographer specializing in at-sea research on meso-pelagic plankton and fish; and

21    writing technical analyses and reports on fish, international fishing gear and fisheries and marine

22    mammals. I also participated in several extended physical oceanographic research cruises in the

23    North Pacific and North Atlantic Oceans collecting data using seismic airguns, side-scan sonar,

24    and bottom sounders.

DECLARATION OF KENNETH HOLLINGSHEAD                                    2
Case No. 07-04771 EDL

1

2      2. The purpose of this declaration is to provide background information regarding the

3  Final Rule governing the taking of marine mammals incidental to Navy operation of Surveillance

4  Towed Array Sensor System Low Frequency Active (SURTASS LFA) Sonar (72 *Federal*

5  *Register* [FR] 46846; August 21, 2007) that will be included in the administrative record to be

6  filed in this case, and to address certain matters raised in Plaintiffs' declarations in this litigation.

7      3. I am the principal drafter of both the proposed (72 FR 73403; July 9, 2007) and final

8  (72 FR 46846, August 21, 2007) rulemakings governing the issuance of Incidental Take

9  Authorizations to the U.S. Navy for taking marine mammals by harassment incidental to

10  operation of SURTASS LFA sonar. In preparing both documents, I gave particular attention to

11  the scientific documentation supporting the Navy's determination that the taking would have no

12  more than a negligible impact on the affected stocks of marine mammals.  Of particular concern

13  at the proposed and final rule stages was a review of the effectiveness of the mitigation and

14  compliance with the 2002-2007 final regulations. Documentation of the Navy's SURTASS LFA

15  mitigation program for that period is an important component in ensuring that the activity is

16  having no more than a negligible impact on affected species and stocks of marine mammals.

17      4. On September 28, 2006 (71 FR 56965), NMFS published a Notice of Receipt of

18  Application on the U.S. Navy's SURTASS LFA sonar application and invited interested persons

19  to submit comments, information, and suggestions concerning the application as well as the

20  structure and content of regulations, if the application was accepted.  During the 30-day

21  comment period of that notification, comments were received from several organizations and

22  individuals, including the Plaintiffs.

23      5. On July 9, 2007 (72 FR 37403), NOAA Fisheries published a proposed rule governing

24  the U.S. Navy's take of marine mammals incidental to operation of SURTASS LFA sonar and

DECLARATION OF KENNETH HOLLINGSHEAD                                    3
Case No. 07-04771 EDL

1   requested comments, information, and suggestions concerning the request and the regulations

2   proposed to govern the take. The comments received on the September 28, 2006, Notice of

3   Receipt were considered in the development of this proposed rule.  During the 15-day public

4   comment period, NOAA Fisheries received a number of substantive comments from

5   organizations and interested citizens.  Most of the comments received were on the same issues

6   raised in regard to the Navy's Draft Supplemental Environmental Impact Statement, for which

7   NOAA was a cooperating agency, and NOAA Fisheries' Notice of Receipt of the Navy's

8   Application.

9       6. On August 21, 2007 (72 FR 46845), NOAA Fisheries published a final rule in regard

10  to the Navy's application for an authorization to harass marine mammals incidental to operations

11  of SURTASS LFA sonar during training, testing and military operations over a five-year period.

12      **OBIAS AND THE DESIGNATION OF "The Gully" AS AN OBIA**

13      7. Contrary to the assertion in paragraph 15 of Kenneth Balcomb's Declaration in this

14  litigation, NMFS' criteria for designation of Offshore Biologically Important Areas (OBIAs) do

15  not unreasonably limit designation of such areas.  Rather, NMFS reasonably requires that

16  proposals for designation of OBIAs contain some level of information to support a finding that a

17  specific area is of particular importance for marine mammals (e.g., a high density area for

18  feeding, breeding or reproduction) and not simply an area occupied by marine mammals.

19      8. At no time since the original Final Rule was promulgated in August 2002, until today,

20  have Plaintiffs – or anyone other private person or group – submitted any proposals to designate

21  new OBIAs.

22      9.  Contrary to the assertion in Plaintiffs' Motion for a Preliminary Injunction at p. 17, the

23  Gully (also known as Sable Gully) was not designated an OBIA solely for its population of

24  northern bottlenose whales.  During the comment period for the Draft SEIS, the Canadian

DECLARATION OF KENNETH HOLLINGSHEAD                                                    4
Case No. 07-04771 EDL

1  government provided information that regulations establishing the Gully as a Marine Protected

2  Area (MPA) had been issued under Canada's Oceans Act in 2004 and informed the Navy that the

3  MPA designation extended beyond the (200-m) shelf break.  The Canadian government's letter

4  (attached) highlighted northern bottlenose whales, but also indicated the area's importance as

5  habitat for a variety of species, including other marine mammals.  The letter further provided

6  links to the Canada Gazette (excerpt attached), which contained the basis for Canada's MPA

7  designation of the Gully.  Specifically, the Regulatory Impact Analysis Statement in the Gazette

8  states that large numbers of whales from a variety of species are attracted to the Gully by the

9  high food supply, particularly concentrations of zooplankton, lanternfish and squid.  This

10  includes--but is not limited to--the northern bottlenose whale (*Hyperoodon ampullatus*), which

11  was listed as endangered by the Committee on the Status of Endangered Wildlife in Canada

12  (COSEWIC).  Baleen whales, including the blue whale, listed as endangered by COSEWIC and

13  under the U.S. Endangered Species Act, feed there seasonally.

14      10. Based on this information from the Government of Canada, NMFS proposed the

15  Gully as an OBIA in its 2007 proposed rule, using the coordinates provided in Canada's MPA

16  regulations.  NMFS received one comment, from the Marine Mammal Commission, in favor of

17  the proposed OBIA, and no comments in opposition to this proposed OBIA, and the final rule

18  designated the Gully as an OBIA.

19

20

21

22

23

24

DECLARATION OF KENNETH HOLLINGSHEAD                                    5
Case No. 07-04771 EDL

1         I hereby declare under penalty of perjury that the foregoing is true and correct.

2

3         Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing

4 is true and correct to the best of my knowledge, information, and belief. If called as a witness, I

5 could and would testify competently to the statements contained herein.

6

7         Executed this 15th day of November, 2007, at Silver Spring, Maryland

8

9

10         By: _____
           KENNETH HOLLINGSHEAD

11            Fisheries Biologist
           National Oceanic and Atmospheric Administration

12            National Marine Fisheries Service

13

14

15

16

17

18

19

20

21

22

23

24

DECLARATION OF KENNETH HOLLINGSHEAD
Case No. 07-04771 EDL
                                             6