1  ROBERT FALK (SBN 142007)
   ROBIN S. STAFFORD (SBN 200950)
2  SARAH SCHINDLER (SBN 236414)
   MORRISON & FOERSTER LLP
3  425 Market Street
   San Francisco, California  94105-2482
4  Telephone:  (415) 268-7000
   Facsimile:  (415) 268-7522
5  Email: RFalk@mofo.com
   Email: RStafford@mofo.com
   Email: SSchindler@mofo.com
6
   JOEL R. REYNOLDS (SBN 85276)
7  CARA HOROWITZ (SBN 220701)
   NATURAL RESOURCES DEFENSE COUNCIL, INC.
8  1314 Second Street
   Santa Monica, California 90401
9  Telephone:  (310) 434-2300
   Facsimile:  (310) 434-2399
10
   Attorneys for Plaintiffs
11 NATURAL RESOURCES DEFENSE COUNCIL, INC.;
   THE HUMANE SOCIETY OF THE UNITED STATES;
   INTERNATIONAL FUND FOR ANIMAL WELFARE;
12 CETACEAN SOCIETY INTERNATIONAL; LEAGUE
   FOR COASTAL PROTECTION; OCEAN FUTURES
13 SOCIETY; JEAN-MICHEL COUSTEAU

14                 UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16 NATURAL RESOURCES DEFENSE COUNCIL,
   INC.; INTERNATIONAL FUND FOR ANIMAL        Civil Action No. 07-4771-EDL
17 WELFARE; THE HUMANE SOCIETY OF THE
   UNITED STATES; CETACEAN SOCIETY
18 INTERNATIONAL; LEAGUE FOR COASTAL
   PROTECTION; OCEAN FUTURES SOCIETY;         **OPPOSITION TO DEFENDANTS'**
19 JEAN-MICHEL COUSTEAU                       **MOTION FOR LEAVE TO SUBMIT**
                                              **CLASSIFIED DECLARATION FOR**
                          Plaintiffs,         *IN CAMERA* **AND** *EX PARTE*
20          v.                                **REVIEW**

21 CARLOS M. GUTIERREZ, SECRETARY OF THE
   UNITED STATES DEPARTMENT OF COMMERCE;
22 NATIONAL MARINE FISHERIES SERVICE;         Judge:  Hon. Elizabeth D. Laporte
   WILLIAM HOGARTH, ASSISTANT                 Ctrm:   E
23 ADMINISTRATOR FOR FISHERIES OF THE         Hearing Date:  December 11, 2007
   NATIONAL OCEANOGRAPHIC AND                 Time:   9:00 a.m.
24 ATMOSPHERIC ADMINISTRATION; VICE
   ADMIRAL CONRAD C. LAUTENBACHER, JR.,
25 ADMINISTRATOR OF THE NATIONAL
   OCEANOGRAPHIC AND ATMOSPHERIC
26 ADMINISTRATION; UNITED STATES
   DEPARTMENT OF THE NAVY; DONALD C.
27 WINTER, SECRETARY OF THE UNITED STATES
   DEPARTMENT OF THE NAVY; ADMIRAL MIKE
   MULLEN, CHIEF OF NAVAL OPERATIONS
28
                          Defendants.

OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO
SUBMIT DECLARATION FOR *IN CAMERA* AND *EX PARTE* REVIEW
No. C 07-4771-EDL
sf-2421777

**INTRODUCTION**

1

2      As they did in similar proceedings in 2002, Defendants have filed a motion ("Defendants'

3 Motion") seeking *in camera*, *ex parte* review of evidence they claim will support their opposition

4 to Plaintiffs' motion for preliminary injunction to prevent routine testing and training with the

5 Navy's Surveillance Towed Array Sensor System Low Frequency Active Sonar ("LFA") system

6 without sufficient mitigation.  The order sought by Defendants should be denied or substantially

7 modified to protect Plaintiffs' rights to meet Defendants' evidence.

8      There is no need for Defendants' proposed *in camera*, *ex parte* filings.  Defendants seek to

9 submit declarations of Navy officials that will allegedly provide information regarding the need for

10 LFA and potential threats to national security that can be addressed via the use of LFA.  This

11 information is of marginal relevance in this context because neither the effectiveness of LFA nor

12 its use in time of war or heightened threat conditions is at issue in these preliminary injunction

13 proceedings.  Rather, Plaintiffs' preliminary injunction motion seeks to have the Navy continue to

14 operate under the sensible limitations that the Court ordered in 2003, until Plaintiffs' claims are

15 resolved.

16      If, however, the Court decides to accept *in camera*, *ex parte* declarations, Plaintiffs

17 request redacted versions of those declarations.  In 2002, Defendants voluntarily provided

18 Plaintiffs with redacted declarations.  Defendants drafted the order memorializing that obligation

19 barely a year after September 11, 2001, as the nation was sliding toward war with Iraq.  It is

20 difficult to imagine that Defendants' need now is great enough to justify providing Plaintiffs with

21 less information than they did under those circumstances.

22      Without being provided at least some limited insight into the evidence Defendants wish

23 to present for *ex parte* review, Plaintiffs' ability to thoroughly brief all of the issues before the

24 Court will be prejudiced.  For this reason, if the Court does not deny Defendants' motion

25 outright, Plaintiffs have provided an alternative proposed order requiring Defendants to

26 provide to Plaintiffs, as they did previously, redacted versions of their proposed classified

27 declarations.

28

1    **I.    ARGUMENT**

2        **A.    The Court Should Deny Defendants' Motion Because the Proposed
            Submissions Are Irrelevant to the Matter Now Before the Court.**
3

4        Defendants argue that classified declarations, filed *in camera* and *ex parte*, are necessary

5    for them to oppose Plaintiffs' preliminary injunction motion.  Specifically, Defendants seek to

6    submit declarations by Navy officials "that will provide detailed information regarding the

7    effectiveness of the system against modern quiet submarines, the importance of the system to the

8    Navy, and the potential threats" resulting from restrictions on deployment of LFA.  (Defs.'

9    Mot. 2.)

10        The decision of whether to consider *in camera*, *ex parte* classified evidence—including the

11    decision to reject such a request—is within a court's discretion.  *Kasza v. Browner*, 133 F.3d 1159,

12    1166 (9th Cir. 1998).  Indeed, a court should refuse irrelevant or immaterial matter.  *See* 28 C.F.R.

13    § 17.17(c)(1) (requiring a defendant to seek a court determination of "the relevance and materiality

14    of the classified information in question" before allowing the information into evidence in civil

15    proceedings).

16        The purpose for which Defendants purport to offer the secret declarations is irrelevant in

17    the current context, where neither Plaintiffs' claims nor their preliminary injunction motion

18    address the effectiveness of LFA or deployment of LFA to meet the "potential threats" to which

19    Defendants' Motion alludes.  Indeed, as made crystal clear in the opening sentences of Plaintiffs'

20    preliminary injunction motion, they do not seek a complete halt even in LFA testing and training

21    activities:

22            Plaintiffs seek an order ensuring that the ***reasonable and balanced
                mitigation measures*** that have governed the Navy's Surveillance
23            Towed Array Sensor System ("SURTASS") Low Frequency Active
                Sonar ("LFA") for several years ***are maintained*** until Plaintiffs' claims
24            in this action are resolved.

25    (Pls.' Mot. for Prelim. Inj. at 1, filed Oct. 12, 2007 (emphasis added).)  Any argument raised by

26    Defendants concerning the Navy's need for LFA is simply irrelevant to any issue raised by

27    Plaintiffs' preliminary injunction motion.  Accordingly, the Court should deny Defendants'

28    Motion.

OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO
SUBMIT DECLARATION FOR *IN CAMERA* AND *EX PARTE* REVIEW
No. C 07-4771-EDL
sf-2421777

1

2

**B.     At a Minimum, the Court Should Again Protect Plaintiffs' Ability to Meet Defendants' Evidence.**

3     Defendants seek to submit declarations containing classified information purporting to

4 demonstrate "the need for the SURTASS LFA." (Defs.' Mot. 12.)  In 2002, the Court signed an

5 order that was nearly identical to the proposed order submitted by Defendants with a similar

6 motion.  That order required Defendants to provide Plaintiffs with redacted versions of

7 confidential declarations. (*See* Ex. A, Order Re: Classified Information, filed Oct. 29, 2002; *see*

8 *also* Defs.' Mot. 3 n.2.)

9     Now, however, Defendants seek to deny even this limited accommodation to Plaintiffs'

10 rights of cross examination of evidence placed before the Court.   Defendants do not justify their

11 request to file secret declarations with evidence that they are unable to prepare redacted versions.

12 Instead, the Court is provided with vague assertions that Defendants "*cannot guarantee at this*

13 *time* that [the Navy] will be able to provide a redacted version." (Defs.' Mot. 3 n.2 (emphasis

14 added).)  This softshoe to accommodate bureaucratic inertia simply is not a sufficient basis to

15 allow Defendants to deprive Plaintiffs of some limited avenue by which to get a sense of the

16 evidence that Defendants seek to present to the Court.

17     In 2002, although classified information was redacted, the limited access to a portion of

18 Defendants' declaration provided Plaintiffs with the subject matter addressed and allowed

19 Plaintiffs to understand the evidence presented in opposition to Plaintiffs' preliminary injunction

20 motion.  If denied even redacted versions of Defendants' evidence, Plaintiffs' ability to brief—or

21 even fully understand—Defendants' opposition will be hampered.

22     By contrast, Defendants' own papers tacitly acknowledge that they will not be prejudiced if

23 required to provide redacted declarations.  Defendants' Motion is itself very similar to the motion

24 they filed last time. (*See* Ex. B, Defendants' Motion for Leave to Submit Classified Evidence *In*

25 *Camera* and *Ex Parte* and Memorandum in Support, filed Sept. 13, 2002.)  Further, because their

26 prior motion states the same goals for the declarations as does the current Defendants' Motion, the

27 contents of the new declarations will likely be similar to the contents of the declaration filed in

28 2002.  Defendants have offered no rationale for excluding an obligation to provide the same

OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO
SUBMIT DECLARATION FOR *IN CAMERA* AND *EX PARTE* REVIEW
No. C 07-4771-EDL
sf-2421777

3

1    quality of supporting evidence to Plaintiffs as that offered in 2002.  Unless such a rationale is

2    forthcoming, the Court should, at a minimum, compel Defendants to provide redacted declarations

3    to Plaintiffs by signing Plaintiffs' alternative order.

4    **II.    CONCLUSION**

5          Defendants intend to submit secret declarations containing information regarding the

6    balance of harms analysis that this Court must conduct during its preliminary injunction

7    investigation.  Defendants allege that this information would "provide detailed information

8    regarding the effectiveness of the system against modern quiet submarines, the importance of the

9    system to the Navy, and the potential threats faced by the Navy if it is forced to restrict its

10   employment of SURTASS LFA."  (Defs.' Mot. 2.)  Given its lack of relevance to the very limited

11   relief sought by Plaintiffs in their motion for a preliminary injunction (*i.e.*, a mere continuation,

12   while this action is pending, of the Court's previously ordered mitigation measures, under which

13   the Navy has now been operating for years), the Court should exercise its discretion to refuse the

14   Navy's attempts to rely on unnecessary secret evidence.  In the alternative, to minimize prejudice,

15   and to maintain consistency with its prior determination on this issue, the Court should order

16   Defendants to provide redacted versions of classified declarations to Plaintiffs.

17          Dated:  November 20, 2007          Respectfully Submitted,

18                                             ROBERT L. FALK
                                               ROBIN S. STAFFORD
19                                             SARAH B. SCHINDLER
                                               MORRISON & FOERSTER LLP
20
                                               JOEL R. REYNOLDS
21                                             CARA HOROWITZ
                                               NATURAL RESOURCES DEFENSE
22                                             COUNCIL, INC.

23
                                               By:____*/s/ Robin S. Stafford*_____
24                                                      Robin S. Stafford
                                               Attorneys for Plaintiffs
25                                             NATURAL RESOURCES DEFENSE COUNCIL,
                                               INC.; INTERNATIONAL FUND FOR ANIMAL
26                                             WELFARE; THE HUMANE SOCIETY OF THE
                                               UNITED STATES; CETACEAN SOCIETY
27                                             INTERNATIONAL; LEAGUE FOR COASTAL
                                               PROTECTION; OCEAN FUTURES SOCIETY;
28                                             and JEAN-MICHEL COUSTEAU