RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division
**UNITED STATES DEPARTMENT OF JUSTICE**

JEAN E. WILLIAMS, Chief
KRISTEN L. GUSTAFSON, Senior Trial Attorney
Wildlife and Marine Resources Section
GUILLERMO MONTERO, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
**UNITED STATES DEPARTMENT OF JUSTICE**
Benjamin Franklin Station - P.O. Box 7369/ P.O. Box 663
Washington, D.C. 20044
(202) 305-0211 (tel.) / (202) 305-0443 (tel.)
(202) 305-0275 (fax)/ (202) 305-0274 (fax)
Kristen.Gustafson@usdoj.gov
Guillermo.Montero@usdoj.gov

**Counsel for Federal Defendants**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., | Civ. Action No. 07-4771-EDL |
| Plaintiffs, | |
| v. | REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO SUBMIT CLASSIFIED DECLARATION FOR *EX PARTE* AND *IN CAMERA* REVIEW |
| CARLOS GUTIERREZ, SECRETARY OF THE UNITED STATES DEPARTMENT OF COMMERCE, et al. | |
| Defendants. | Judge: Hon. Elizabeth D. Laporte<br>Ctrm: E<br>Hearing Date: December 11, 2007<br>Time: 9 a.m. |

Reply in support of Mtn for leave to submit classified decl for <u>ex parte</u>, <u>in camera</u> review
<u>NRDC v. Gutierrez</u>, Case No. 07-4771-EDL

**INTRODUCTION**

As the United States explained in detail in its opening brief, the Court's ex parte and in camera review of the Classified Declaration of Rear Admiral John Bird ("Classified Declaration") is necessary in light of the important national security considerations at stake in this litigation and would be consistent with the Court's prior conduct in Natural Resources Defense Council v. Evans, Case No. 02-cv-3805-EDL. Plaintiffs' argument that the Court may forego review of the Classified Declaration because it is "of marginal relevance" is at odds with the facts and with binding Ninth Circuit precedent. See Natural Res. Def. Council v. Winter ("NRDC v. Winter"), 502 F.3d 859, 862-63 (9th Cir. 2007). However, to address Plaintiffs' concerns that they will be prejudiced by the inability to review the Classified Declaration, the Navy has redacted the sensitive portions of the declaration, the redacted declaration has gone through declassification review, and a Navy official with original classification authority has certified the redacted declaration as unclassified. The redacted, unclassified version of the Classified Declaration of Rear Admiral John Bird is attached as Exhibit A to this reply.

**ARGUMENT**

**I.    The Classified Declaration of Rear Admiral John Bird is Highly Relevant to the Court's Determination of Whether the Public Interest Supports the Issuance or Denial of Injunctive Relief and Should Not be Disregarded as Plaintiffs Suggest.**

Plaintiffs assert that the Court should simply disregard the Classified Declaration based on its discretionary authority to "refuse irrelevant and immaterial matter." Pl. Opp. at 2. They argue that since they challenge neither the effectiveness of SURTASS LFA sonar nor the reasons for which it is deployed, and since they do not seek a full injunction against the system's use, "the Navy's need for LFA is simply irrelevant to any issue raised by Plaintiffs' preliminary injunction motion." Id. Plaintiffs' argument fails because the assertion is untrue and it is at odds with binding Ninth Circuit precedent.

While Plaintiffs do not seek a complete ban against the operation of SURTASS LFA sonar, they do ask the Court to restrict its operation. Specifically, they seek to impose a 30 nm to 60 nm coastal exclusion zone, instead of the 12 nm coastal exclusion zone imposed by the National Marine Fisheries Service ("NMFS"). The Navy has determined that it needs to be able to train, test, and conduct military operations with SURTASS LFA sonar as close to shore as 12 nm, and it has further determined that the


larger coastal exclusion zones sought in Plaintiffs' Motion for Preliminary Injunction will have a detrimental impact on the effectiveness of this military readiness activity. These points have been outlined in the United States' Opposition brief and in the unclassified Declaration of Rear Admiral John Bird, filed on November 15, but they are explained in much greater detail in the Classified Declaration. Moreover, even though Plaintiffs do not contest the effectiveness of SURTASS LFA sonar or the Navy's need to use the system to combat potential threats, what the Classified Declaration has to say about both of those topics is certainly relevant to understanding why the public has a strong interest in the Navy's ability to use SURTASS LFA sonar effectively and how the public interest would be harmed if the Court were to impose restrictions on training, testing, and military operations that diminish the Navy's ability to use the system effectively.

Both the impact to the Navy and the impact to the public interest in imposing Plaintiffs' requested injunctive relief are factors that the Court must consider in deciding whether to grant or deny Plaintiffs' motion. Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982) ("In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction."). Indeed, the Ninth Circuit recently held that a district court errs when, in determining whether injunctive relief should issue against the Navy, it fails to consider the public interest in having a trained and effective Navy. NRDC v. Winter, 502 F.3d at 862 ("The district court was required to consider, not only 'balance of hardships' as between the plaintiffs and the Navy as an Executive Branch agency, but also the 'public interest' in having a trained and effective Navy."). As the United States has demonstrated, the Classified Declaration bears directly on the issues which must be considered in connection with Plaintiffs' Motion for Preliminary Injunction and therefore is critical to the Court's ability to fully consider and balance the harm to both the Navy and to the public interest should an injunction issue.

**II.    Plaintiffs Will Not Be Prejudiced by the Court's <u>Ex Parte</u> and <u>In Camera</u> Review of the Classified Declaration, Because A Redacted Version Has Been Provided.**

In the alternative, Plaintiffs argue that they should be provided with a redacted, unclassified version of the Classified Declaration. As Exhibit A to this reply, the United States has provided just that.

Reply in support of Mtn for leave to submit classified decl for <u>ex parte</u>, <u>in camera</u> review
<u>NRDC v. Gutierrez</u>, Case No. 07-4771-EDL

1  As the Navy did in the previous case, it has again provided the Plaintiffs with a redacted version of the
2  Classified Declaration that it is asking the Court to consider ex parte and in camera. See, e.g., Al-
3  Haramain Islamic Found. Inc. v. Bush, — F.3d —, 2007 WL 3407182 at *12 (9th Cir. Nov. 16, 2007)
4  (approving ex parte in camera review as a means of ensuring that "an appropriate balance is struck
5  between protecting national security matters and preserving an open court system"). The redacted
6  declaration should eliminate any potential prejudice and enable Plaintiffs to "understand the evidence
7  presented in opposition to [their] preliminary injunction motion." Pl. Opp. at 3.
8      Contrary to Plaintiffs' unsupported claims, any alleged delay in providing the redacted version
9  was not a "softshoe to accommodate bureaucratic inertia." Id. Quite the opposite, the Navy did not
10 provide a redacted version earlier because the Classified Declaration was not yet finalized when the
11 Motion for Leave to Submit the Classified Declaration for Ex Parte and In Camera Review was filed.
12 Thus, it was not yet certain that any portions of the Classified Declaration (other than basic biographical
13 information about the declarant) could be extracted, declassified, and released publicly. A classification
14 review does not just entail removing classified information, but also requires that the redacted document
15 be reviewed as a whole prior to release, after a line by line review. In order for the redacted version of
16 the Classified Declaration to be released as Exhibit A to this reply, the document underwent a line by line
17 redaction process, declassification review, and certification of its declassification by a Navy official with
18 original classification authority. The Navy initiated this process as soon as the Classified Declaration
19 had been finalized. By providing a redacted version of the Classified Declaration as Exhibit A, the Navy
20 has addressed what appears to be Plaintiffs' primary objection to the Court's ex parte in camera review
21 of the Classified Declaration, and the Court should grant the United States' Motion accordingly.

## CONCLUSION

23     For the reasons stated above and in the United States' opening brief, the Classified
24 Declaration is highly relevant to the Court's decision on Plaintiffs' Motion for a Preliminary
25 Injunction. By providing the Plaintiffs with a carefully redacted version of the Classified
26 Declaration, the Navy has eliminated any prejudice to them from the Court's consideration of the
27
28 Reply in support of Mtn for leave to submit classified decl for ex parte, in camera review
NRDC v. Gutierrez, Case No. 07-4771-EDL

- 3 -

Classified Declaration ex parte and in camera.  Thus, the United States respectfully requests that the Court grant its motion for leave to submit classified evidence ex parte and in camera.

Respectfully submitted this 27th day of November, 2007,

        RONALD J. TENPAS
        Acting Assistant Attorney General
        United States Department of Justice
        Environment & Natural Resources Division

        JEAN E. WILLIAMS,  Chief
        KRISTEN GUSTAFSON, Senior Trial Attorney
        United States Department of Justice
        Environment & Natural Resources Division
        Wildlife & Marine Resources Section
        GUILLERMO MONTERO, Trial Attorney
        United States Department of Justice
        Environment & Natural Resources Division
        Natural Resources Section

By:   /s/ Kristen L. Gustafson
        KRISTEN L. GUSTAFSON
        Ben Franklin Station, P.O. Box 7369
        Washington, D.C. 20044-663
        Tel. (202) 305-0211/ Fax (202) 305-0275
        Kristen.Gustafson@usdoj.gov

        Attorneys for Federal Defendants