# Exhibit 2

*Exhibit 2*



**STATEMENT BY
DR. WILLIAM T. HOGARTH
ASSISTANT ADMINISTRATOR FOR FISHERIES
NATIONAL MARINE FISHERIES SERVICE
NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION
U.S. DEPARTMENT OF COMMERCE**

**BEFORE THE SUBCOMMITTEE ON READINESS
HOUSE ARMED SERVICE COMMITTEE
UNITED STATES HOUSE OF REPRESENTATIVES**

**MARCH 13, 2003**

Mr. Chairman and members of the Subcommittee, thank you for inviting me to testify today regarding the FY 2004 Department of Defense Readiness and Range Preservation Initiative (RRPI).  I am Dr. William T. Hogarth, Assistant Administrator for Fisheries at the National Oceanic and Atmospheric Administration (NOAA).

I appreciate the opportunity to address issues of environmental protection in the context of military operations and readiness.  NOAA Fisheries= strategic goals regarding environmental stewardship are to build sustainable fisheries, recover protected species, and sustain healthy coastal ecosystems.  Our stewardship of living marine resources is conducted for the benefit of the Nation through science-based conservation and management.  NOAA Fisheries= role in environmental stewardship is defined legislatively through the Marine Mammal Protection Act (MMPA), the Endangered Species Act (ESA), the Magnuson-Stevens Fishery Conservation and Management Act, and other statutes.

**Marine Mammals**

With regard to marine mammals, NOAA Fisheries is responsible for the conservation and management of 147  marine mammal stocks of cetaceans and pinnipeds under the MMPA.  NOAA cannot fulfill this mission by itself.  We must work with our constituents, other resource management agencies, such as the Fish and Wildlife Service and the Environmental Protection Agency, and agencies such as the Department of Defense (DOD) to help us fulfill these stewardship responsibilities.

Over the last few years, NOAA has been working more closely with our federal partners at DOD, particularly the Navy, due to our shared responsibilities for the oceans.   We have developed a productive working relationship.   NOAA Fisheries and the Navy have undertaken a number of efforts to improve coordination between the two agencies, including research coordination and strategic planning opportunities. Discussions have focused on the integration of agency processes under the ESA and the MMPA, as well as the concerns raised by the military in achieving its mission responsibilities.

To build on efforts at the staff level, I have been meeting with Mr. H.T. Johnson, Acting Secretary of the Navy, on ways to expand our partnership in achieving our distinct yet complementary missions.  These meetings have focused on opportunities to expand coordination efforts for complying with applicable resource laws, and ways to continue to increase cooperative research and outreach on complex scientific issues.

Additionally, NOAA Fisheries is working hard to meet the increasing demands being placed on our regulatory program to process applications and authorizations under MMPA.  The phenomenon of sound in the ocean has grown tremendously and, as with many scientific issues, the more questions you ask about its impacts on marine mammals, the more you find that are yet to be answered.  Not only has the complexity of the analyses increased, but public scrutiny as well.

**MMPA Reauthorization**

In February of this year, the Administration transmitted its proposed MMPA Amendments of 2003 to Congress. One important provision contained in the Administration=s MMPA bill relative to RRPI is a change to the definition of harassment.  Although the existing regime under the MMPA and ESA is fairly flexible, the Administration recognizes that the definition of harassment under the MMPA needs clarification.  As a result, NOAA Fisheries worked closely with the Department of Defense, the Department of the Interior, the Marine Mammal Commission and others to develop a revised definition as part of the Administration's MMPA reauthorization package.  We believe that a clearer definition of harassment would be beneficial to the regulated community as a whole.

We look forward to working with Congressional members and staff to help provide any necessary information or assistance that will aid in the reauthorization of the MMPA in the current Congress.

**DOD Authorization: The Readiness and Range Preservation Initiative of 2003**

The National Defense Authorization Act for FY 2004 contains a number of provisions that are relevant to NOAA Fisheries and the MMPA.  The RRPI would make a number of amendments to the MMPA specifically for military readiness activities.  These amendments would apply to both the Department of Defense and the U.S. Coast Guard.  NOAA Fisheries understands the timing issues relative to military readiness.  Because these proposed amendments deal solely with military readiness activities and national security, they have been included in the draft National Defense Authorization Act for FY 2004 and not the draft Marine Mammal Protection Act Amendments of 2003 that the Administration transmitted to Congress on February 21, 2003.

The key points noted in the "Purposes" section of the RRPI legislation are:  "To ensure military readiness by addressing problems created by encroachment on military readiness activities, marine areas, and airspace reserved, withdrawn, or designated for military use; reaffirm the principle that such lands, marine areas, and airspace exist to ensure military preparedness; shield military readiness activities and lands, marine areas….from encroachment, while ensuring that Department of Defense (DOD) fulfills its environmental stewardship responsibilities… re-establish the appropriate balance between military readiness and environmental stewardship…."  The term "military readiness activities" is broadly defined and would include any training and operations that could be related to combat readiness.

*Definition of Harassment*: The RRPI includes a change to the definition of 'harassment' in Section 3 of the MMPA.  This definition is the same as the one contained in the Administration=s proposed MMPA Amendments; however, the RRPI definition only applies to military readiness activities, rather than all regulated activities.

*Incidental Take Permits*:  Additional amendments to the MMPA that are contained in the RRPI include a group of changes to the current legislative

requirements that govern applications for incidental take permits (section 101(a)(5)(A) in the MMPA). Incidental takes are those that are unintentional, but not unexpected. These takes occur during otherwise lawful activities. The MMPA established a moratorium on the taking of marine mammals in U.S. waters by any person, as well as by U.S. citizens in international waters.

In 1981, Congress amended the MMPA to provide for 'small take' authorizations for otherwise lawful activities. Under the present scheme, NOAA Fisheries will authorize the takes of small numbers of marine mammals if the takings will have no more than a negligible impact on those marine mammal species or stocks, and not have an unmitigable adverse impact on subsistence harvests of these species. Through regulation, NOAA Fisheries has defined "negligible impact" to be an impact resulting from the specified activity that cannot be reasonably expected to, and is not reasonably likely to, adversely affect the species or stock through effects on annual rates of recruitment or survival.

These small take authorization regulations are implemented through Letters of Authorization (LOAs), can last for up to five years, and require notice and comment rulemaking. Navy and other Department of Defense activities sometimes need authorization for the incidental take of marine mammals.

In 1986, Congress amended both the MMPA, under the small take program, and the Endangered Species Act, to authorize takings of depleted (and endangered or threatened) marine mammals, again provided that the taking (lethal, injurious, or harassment) was small in number and had a negligible impact on marine mammals.

In 1994, MMPA section 101(a)(5) was amended to establish an expedited process by which U.S. citizens can apply for authorization to incidentally take small numbers of marine mammals by harassment, referred to as Incidental Harassment Authorizations (IHAs). IHAs may only last up to one year in duration. However, this program allows authorizations to be issued within 120 days, instead of the 6-8 months required for LOAs issued under "small take" regulations. Most LOAs and IHAs to date have authorized the incidental harassment of marine mammals by noise.

The RRPI makes a number of changes to section 101(a)(5) of the MMPA, as it applies to military readiness activities. The RRPI would add the words "military readiness activities" after "other than commercial fishing" and adds a new paragraph 7(A) to this section. This new paragraph, is similar to the current paragraph 5(A), with the following exceptions:

- (7)(A) does not contain the terms "specified activity," "specified geographical region," and "small numbers."

- (7)(A) does not contain (5)(A) language that requires publication of the proposed authorization in the *Federal Register*, public media, etc., to provide opportunity for public comment. This was inadvertently omitted in the drafting and there was no intention to limit the opportunity for public comment.

The important point in evaluating the impact of these proposed amendments to

the MMPA small take program provisions on NOAA's trust resources and the MMPA is that DOD will still have to show that its activities are having a negligible impact on the marine mammal species and populations.  Additionally, it will have to demonstrate that its activities will not have an unmitigable adverse impact on the availability of such species or stocks for taking for subsistence uses pursuant to the MMPA.  These are the key elements to maintaining the health of marine mammal species and are the premise for the integrity of the incidental take authorization section of the MMPA.  Additionally, military readiness activity small take authorizations will have to abide by all Endangered Species Act, National Environmental Policy Act, and Administrative Procedure Act requirements where they apply.

To make the requisite negligible impact determination and to comply with these other environmental laws, NOAA Fisheries would have to know what activities would be taking place - also, when and where they would occur.  A substantive effect on more than a small proportion of a population would likely have more than a negligible impact; therefore, numbers are taken into account, based upon biological significance, which is how NOAA Fisheries has been implementing the program.  Consequently, I predict that the proposed amendments to the MMPA would have no adverse impact on the protection of marine mammals.

***Exemption Clause***:  With regard to the exemptions clause for actions necessary for national defense, the language would allow the Secretary of Defense, after consulting with the Secretary of Commerce and the Secretary of the Interior, to exempt any action or category of actions undertaken by the Department of Defense from compliance with any requirement of the Marine Mammal Protection Act.  These exemptions may be granted for two years, with additional two year exemptions possible after further consultation between the Secretaries.  This exemption is similar to the one found in the Endangered Species Act.

## Conclusion

We support the FY 2004 Department of Defense Readiness and Range Preservation Initiative and believe that it takes account of the interests of the American people in military readiness and in environmental protection.  I am confident that DOD and NOAA can work together within the framework of the proposed law to ensure that America's armed forces are able to train to carry out their national security mission and that the Agency is able to carry out its marine conservation responsibilities.  NOAA will also continue to work with the Navy and the rest of the Department of Defense to improve coordination between our programs. We look forward to continuing our partnership.

House Armed Services Committee
2120 Rayburn House Office Building
Washington, D.C. 20515