ROBERT FALK (SBN 142007)
ROBIN S. STAFFORD (SBN 200950)
SARAH SCHINDLER (SBN 236414)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
Email: RFalk@mofo.com
Email: RStafford@mofo.com
Email: SSchindler@mofo.com

JOEL R. REYNOLDS (SBN 85276)
CARA HOROWITZ (SBN 220701)
NATURAL RESOURCES DEFENSE COUNCIL, INC.
1314 Second Street
Santa Monica, California 90401
Telephone: (310) 434-2300
Facsimile: (310) 434-2399

Attorneys for Plaintiffs
NATURAL RESOURCES DEFENSE COUNCIL,
INC.; THE HUMANE SOCIETY OF THE UNITED
STATES; INTERNATIONAL FUND FOR ANIMAL
WELFARE; CETACEAN SOCIETY
INTERNATIONAL; LEAGUE FOR COASTAL
PROTECTION; OCEAN FUTURES SOCIETY;
JEAN-MICHEL COUSTEAU

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

NATURAL RESOURCES DEFENSE COUNCIL,
INC.; INTERNATIONAL FUND FOR ANIMAL
WELFARE; THE HUMANE SOCIETY OF THE
UNITED STATES; CETACEAN SOCIETY
INTERNATIONAL; LEAGUE FOR COASTAL
PROTECTION; OCEAN FUTURES SOCIETY;
JEAN-MICHEL COUSTEAU

Plaintiffs,

v.

CARLOS M. GUTIERREZ, SECRETARY OF THE
UNITED STATES DEPARTMENT OF COMMERCE;
NATIONAL MARINE FISHERIES SERVICE;
WILLIAM HOGARTH, ASSISTANT
ADMINISTRATOR FOR FISHERIES OF THE
NATIONAL OCEANOGRAPHIC AND
ATMOSPHERIC ADMINISTRATION; VICE
ADMIRAL CONRAD C. LAUTENBACHER, JR.,
ADMINISTRATOR OF THE NATIONAL
OCEANOGRAPHIC AND ATMOSPHERIC
ADMINISTRATION; UNITED STATES
DEPARTMENT OF THE NAVY; DONALD C.
WINTER, SECRETARY OF THE UNITED STATES
DEPARTMENT OF THE NAVY; ADMIRAL MIKE
MULLEN, CHIEF OF NAVAL OPERATIONS

Defendants.

Civil Action No. 07-4771-EDL

**PLAINTIFFS' RESPONSE TO DEFENDANTS' DEMONSTRATIVE EXHIBIT INTRODUCED DURING PRELIMINARY INJUNCTION HEARING**

1

2    **INTRODUCTION**

3        During the January 16, 2008, hearing before this Court on Plaintiffs' Motion for

4    Preliminary Injunction, Defendants introduced copies of a document captioned "Defendants'

5    Demonstrative Exhibit" ("Exhibit"; attached to this filing as Exhibit 1).  Defendants did not

6    include the Exhibit in their Opposition Brief and Plaintiffs had no opportunity to review it prior to

7    the hearing. The Exhibit purports to list "the evidence provided in support of the Plaintiffs'

8    assertions of irreparable harm, and [to] provide[] cross-references to contrary evidence contained

9    in Plaintiffs' exhibits, Defendants' exhibits, and the Defendants' expert declarations."  Exhibit at

10   1.  For the reasons set forth below, the Court should disregard this Exhibit.

11   **ARGUMENT**

12       When submitting the Exhibit during oral argument, Defendants' counsel described it as a

13   straightforward cross-reference comparing the evidence cited by both parties.  However, now that

14   Plaintiffs have had the opportunity to examine the Exhibit, it is clear that the Exhibit is not an

15   objective summary of the parties' respective positions.  Indeed, the Exhibit distorts the factual

16   record and the parties' arguments.  In addition to attempting to "rebut" Plaintiffs' arguments with

17   evidence that was not cited in Defendants' Opposition Brief, the Exhibit omits underlying factual

18   support cited in Plaintiffs' papers.  In at least four locations, the Exhibit quotes Plaintiffs'

19   assertions but fail to acknowledge the specific information Plaintiffs cited to establish these facts.

20       For example, the Exhibit includes the following quote from Plaintiffs' Opening Brief:

21   "[T]he harassment of 12% of a small population of marine mammals (for example, the critically

22   endangered population of western gray whales, of which little more than 100 individuals remain),

23   could affect the reproduction or survival of the population."  Exhibit at 4, quoting Opening Brief

24   at 15.  However, the Exhibit omits the four separate sources of underlying legal and factual

25   support that Plaintiffs provided for this statement: (1) this Court's finding in *Evans*, 279 F. Supp.

26   2d at 1159; (2) the Vorontsova Declaration at ¶¶ 11-12; (3) the Wang Declaration at ¶¶ 5-8; and

27   (4) Plaintiffs' Exhibit 62.  It is disingenuous to claim, as Defendants do, that they fairly "list[] the

28   evidence provided in support of the Plaintiffs' assertions of irreparable harm."  Exhibit at 1.

1    Rather, by mistake or by design, they repeatedly omit Plaintiffs' citations, and thereby prevent

2    fair consideration of the relative merit of the parties' contentions.

3          Moreover, the Exhibit seeks to magnify evidentiary support for Defendants' arguments by

4    including references to the record that Defendants did not cite in their brief, while failing to

5    include additional record evidence that could be cited in support of Plaintiffs' claims.  That

6    Defendants may have failed, in their briefing, to draw the Court's attention to all portions of the

7    record they wish to cite does not entitle them to an opportunity to supplement that briefing at this

8    late date, and it certainly does not entitle them to file an advocacy document that unfairly

9    represents the record while posing as an objective summary.

10                                      **CONCLUSION**

11          Because Defendants' Exhibit distorts the level of support for Plaintiffs' and Defendants'

12    assertions of fact, this Court should disregard it.

13

14    Dated:  January 23, 2008                    MORRISON & FOERSTER LLP

15                                      By:    _/s/ Robin Stafford_

16                                             Robin S. Stafford

17                                             Attorneys for Plaintiffs Natural Resources
                                               Defense Council, et al.

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' RESPONSE TO DEFENDANTS' DEMONSTRATIVE EXHIBIT
Case No. 07-4771-EDL                                                    2
sf-2454872

*Exhibit 1*

*Exhibit 1*

1    RONALD J. TENPAS
     Acting Assistant Attorney General
2    Environment and Natural Resources Division
     **UNITED STATES DEPARTMENT OF JUSTICE**
3
     JEAN E. WILLIAMS, Chief
4    KRISTEN L. GUSTAFSON, Senior Trial Attorney
     Wildlife and Marine Resources Section
5    GUILLERMO A. MONTERO, Trial Attorney
     Natural Resources Section
6    Environment & Natural Resources Division
     **UNITED STATES DEPARTMENT OF JUSTICE**
7    Benjamin Franklin Station - P.O. Box 7369/ P.O. Box 663
     Washington, D.C. 20044
8    (202) 305-0211 (tel.) / (202) 305-0443 (tel.)
     (202) 305-0275 (fax)/ (202) 305-0274 (fax)
9    Kristen.Gustafson@usdoj.gov
     Guillermo.Montero@usdoj.gov
10
     **Counsel for Federal Defendants**
11

12                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
13                       **SAN FRANCISCO DIVISION**

14

15   NATURAL RESOURCES DEFENSE          )
     COUNCIL, INC., et al.,             )    Civ. Action No. 07-4771-EDL
16                                       )
                                         )
17           Plaintiffs,                 )
                                         )    DEFENDANTS'
                                         )    DEMONSTRATIVE EXHIBIT
18   v.                                  )
                                         )
19   CARLOS GUTIERREZ, SECRETARY         )
     OF THE UNITED STATES                )
20   DEPARTMENT OF COMMERCE, et al.      )
                                         )
21           Defendants.                 )
                                         )    Judge: Hon. Elizabeth D. Laporte
22                                       )    Ctrm: E
                                         )    Hearing Date: January 16, 2008
23                                       )    Time: 2 p.m.

24

25

26

27

28
     DEFENDANTS' DEMONSTRATIVE EXHIBIT
     Case No. 07-4771-EDL

1

2      The following table lists the evidence provided in support of the Plaintiffs' assertions of

3   irreparable harm, and provides cross-references to contrary evidence contained in Plaintiffs' exhibits,

4   Defendants' exhibits, and the Defendants' expert declarations.

5      References to the *Plaintiffs' Memorandum of Points and Authorities in support of Plaintiffs'*

6   *Motion for Preliminary Injunction* are cited as "Mot. at ___, lines ___." References to *Plaintiffs'*

7   *Reply Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction* are cited as "Reply at

8   ___, lines ___." Evidence rebutting the Plaintiffs' assertions is cited by reference to the Plaintiffs'

9   exhibits, Defendants' exhibits, and/or paragraphs in the corresponding expert declarations submitted

10  with the *Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction.*

11

| Plaintiffs' Assertion | Defendants' Rebuttal |
| --- | --- |
| Mot. at 4, lines 5-8 (citing Ex. 48; Parsons Decl. ¶6): Alleging that "a single LFA unit generates as much acoustic energy through its six annual missions as 500 supertankers operating for 300 days apiece." | Declaration of Joseph S. Johnson, ¶25. |
| Mot. at 4, lines 11-17: Alleging that effects of high intensity noise "range from mortality to serious injury caused by internal hemorrhaging . . . to disorientation, stranding, temporary and permanent hearing loss, habitat abandonment, panic, chronic stress . . . , and disruption and impairment of biologically essential activities, such as mating, nursing, and foraging." | **Mortality:** Declaration of Peter L. Tyack, Ph.D., ¶¶ 18, 20. **Hemorrhaging:** Tyack Decl. ¶¶ 18, 20. **Disorientation:** Tyack Decl. ¶18. **Stranding:** Tyack Decl. ¶¶ 4-16, 18, 20. **Hearing loss:** Tyack Decl. ¶19. |

DEFENDANTS' DEMONSTRATIVE EXHIBIT
Case No. 07-4771-EDL

| Plaintiffs' Assertion | Defendants' Rebuttal |
|---|---|
| | **Habitat abandonment:** |
| | Tyack Decl. ¶19; |
| | Declaration of Christopher W. |
| | Clark, Ph.D., ¶16. |
| | **Panic:** |
| | Clark Decl. ¶¶ 16, 18, 23. |
| | **Chronic stress:** |
| | Tyack Decl. ¶18; |
| | SEIS at 4-63, 4-64, 10-64, 10-65, |
| | 10-68, 10-69. |
| | **Disruption of biologically** |
| | **essential activities such as** |
| | **mating, nursing, foraging:** |
| | Tyack Decl. ¶19; |
| | Clark Decl. ¶¶ 16, 18-20; |
| | Declaration of Adam S. Frankel, |
| | Ph.D., ¶34. |
| Mot. at 5, lines 2-4 (citing Exs. 56, 59, 62, 63): "[A] number of recent studies have suggested or documented how even subtle changes in behavior can result in cumulative, wide-scale effects on foraging and other essential activities." | Frankel Decl. ¶¶ 32-33; Tyack Decl. ¶26-29; Clark Decl. ¶¶ 16-17, 19, 36, 37; SEIS 4-62 to 4-68, 10-73. |

DEFENDANTS' DEMONSTRATIVE EXHIBIT
Case No. 07-4771-EDL

- 2 -

| Plaintiffs' Assertion | Defendants' Rebuttal |
|---|---|
| Mot. at 5, lines 18-21 (citing Exs. 35-37, 48): "Low-frequency sources have been implicated in two stranding events, and NMFS scientists have expressed strong concern that low-frequency sources may produce effects similar to those caused by mid-frequency sounds." | Tyack Decl. ¶¶ 4-5, 10-17; Clark Decl. ¶¶ 26-29; SEIS at 4-55, 4-56, 10-87, 10-88, 10-90 to 10-92. |
| Mot. at 5, lines 22-26 (citing Exs. 31, 43): "The published evidence shows that sonar causes severe, debilitating, and potentially lethal injuries at sea." | Clark Decl. ¶¶ 23-24; Declaration of Dorian S. Houser, Ph.D., ¶24; Declaration of Darlene R. Ketten, Ph.D., ¶15; Tyack Decl. ¶20; SEIS 10-88 to 10-90. |
| Mot. at 5-6 (citing Ex. 87): "Such injuries would harm marine mammals regardless of whether they strand and are discovered, meaning . . . that injuries and mortalities would only rarely be documented." | Ketten Decl. ¶¶ 13-14; Houser Decl. ¶¶ 11-12, 16; Johnson Decl. ¶11. |
| Mot. at 6, lines 4-6: Alleging that Defendants' multi-year study on the behavioral impacts of both mid-frequency sonar and LFA on beaked whales "acknowledg[es] the heightened concern" with respect to beaked whales. | Tyack Decl. ¶21; Houser Decl. ¶¶ 20-22; |
| Mot. at 13, lines 14-16 (citing Whitehead Decl. ¶16): Alleging that "near-coastal animals" would experience "greater difficulty" escaping the sound field produced by LFA when operations occur close to shore. | Johnson Decl. ¶¶ 27-28; |

| Plaintiffs' Assertion | Defendants' Rebuttal |
|---|---|
| Mot. at 15, lines 10-13:<br>"[T]he harassment of 12% of a small population of marine mammals (for example, the critically endangered population of western gray whales, of which little more than 100 individuals remain), could affect the reproduction or survival of the population . . . ." | Frankel Decl. ¶¶ 30-32;<br>Plaintiffs' Ex. 10, FOEIS/EIS at 4.2-41, 4.2-43;<br>Plaintiffs' Ex. 16, BiOp (2007-2012) at 132, 139;<br>SEIS at 4-47 to 4-49. |
| Mot. at 17, lines 17-20 (citing Ex. 47; Soto Decl. ¶¶ 5-11, 14; Weilgart Decl. ¶8):<br>"The supposition that low-frequency sources cannot induce the same effects as mid-frequency sonar has not been accepted by NMFS's own scientists, who have expressed strong concern over beaked whale strandings that have involved such sources." | Clark Decl. ¶¶ 23-24, 26-29;<br>Tyack Decl. ¶¶ 12-16, 20, 31;<br>Houser Decl. ¶¶ 20-22, 24;<br>Johnson Decl. ¶¶ 21 (Figure 1-4); |
| Mot. at 18, lines 1-3 (citing Ex. 87):<br>Alleging that "injuries and mortalities for Pacific stocks of beaked whales 'would rarely be documented, due to the remote nature of many of the Navy's activities and the low probability that an injured or dead whale would strand.'" | Ketten Decl. ¶¶ 13-14;<br>Houser Decl. ¶¶ 11-12;<br>Johnson Decl. ¶11. |
| Mot. at 18, lines 11-14 (citing Soto Decl. ¶11):<br>Alleging that the potential for mortality becomes "foreseeable" if LFA and mid-frequency sonar are deployed concurrently. | Tyack Decl. ¶12;<br>Johnson Decl. ¶24;<br>SEIS at 4-65. |

| Plaintiffs' Assertion | Defendants' Rebuttal |
|---|---|
| Mot. at 24-25 (citing Exs. 31, 32, 43, 44): "A series of published studies now shows that exposure to sonar can directly or indirectly induce a suite of several internal injuries in deep-diving whales, resembling those seen in decompression sickness, or 'the bends.'" | SEIS at 4-31, 4-32, 10-64, 10-77 to 10-79; Tyack Decl. ¶18; Houser Decl. ¶23. |
| Mot. at 28 n.23 (Citing Vorontsova Decl. ¶14): "[D]eployment of LFA as intended poses risk of serious harm to the western population of gray whales, including possible extinction." | Tyack Decl. ¶28; Clark Decl. ¶¶ 18, 23-24, 36-37. |
| Mot. at 28 n.23 (citing Weilgart Decl. ¶9): "LFA's large spatial and temporal scale indicate that there will be significant impacts on the marine environment and animal populations." | Tyack Decl. ¶27; Clark Decl. ¶¶ 21, 36. |
| Mot. at 28 n.23 (citing Bain Decl. ¶5): "Without superior mitigation, deployment of LFA is likely to cause serious injury in marine mammals in the North Pacific Ocean and subtle but significant adverse effects on a population scale." | Clark Decl. ¶23. |
| Mot. at 28 n.23 (citing Wang Decl. ¶11): "[W]ithout substantial mitigation, LFA poses a significant threat to cetacean populations in the West Pacific." | Clark Decl. ¶23. |
| Reply at 10, lines 4-8: "[L]ow detection rates suggest one of three explanations: the Navy's monitoring measures are deeply flawed, LFA has displaced marine populations, or the permanent injunction has worked to prevent take of marine mammals." | Johnson Decl. ¶33; Frankel Decl. ¶¶ 28, 31. |

| Plaintiffs' Assertion | Defendants' Rebuttal |
|---|---|
| Reply at 11, lines 22-25 (citing Ex. 57): "Beaked whales have been shown to alter their dive patterns – precisely the category of behavior that has been 'proposed' as a mechanism for strandings [] – at relatively moderate levels of exposure to shipping noise, whose energy output is predominantly in the low frequencies." | Tyack Decl. ¶17; Houser Decl. ¶22; Clark Decl. ¶29. |
| Reply at 12, lines 15-19 (citing Exs. 31, 43, 87): "The best evidence that has emerged since 2002 . . . indicates that exposure to more widely-used sonar systems causes 'severe' hemorrhaging and tissue damage in beaked whales . . . ." | Clark Decl. ¶¶ 26, 29; Houser Decl. ¶¶ 10, 13-16, 20-24; Tyack Decl. ¶¶ 18, 20. |
| Reply at 12, lines 15-19 (citing Exs. 31, 43, 87): "The best evidence that has emerged since 2002 . . . indicates that . . . [sonar related] hemorrhaging and tissue damage in beaked whales . . . are likely to go undetected." | Ketten Decl. ¶¶ 13-14; Houser Decl. ¶¶ 11-12; SEIS at 4-30, 4-31, 10-64. |
| Reply at 23, lines 11-13 (citing Balcomb Decl. ¶14): "[B]eaked whale expert, concludes that 'deployment of the LFA system in the North Pacific creates a substantial risk of injury, stranding, and habitat displacement in species already known to be vulnerable to sudden and severe acoustic impacts.'" | Houser Decl. ¶¶ 20-24; Ketten Decl. ¶15; Clark Decl. ¶¶ 26-29, 36-37. |
| Reply at 23, lines 13-15 (citing Calambokidis Decl. ¶10): "[E]xpert on baleen whales, concludes that 'LFA presents a substantial risk of imminent harm to marine mammals, including endangered populations of humpback and blue whales.'" | Tyack Decl. ¶29; Frankel Decl. ¶34. |

DEFENDANTS' DEMONSTRATIVE EXHIBIT
Case No. 07-4771-EDL

| Plaintiffs' Assertion | Defendants' Rebuttal |
|---|---|
| Reply at 23, lines 15-18 (citing Luczkovich Decl. ¶13): "[E]xpert in fish behavior and ecology, concludes that 'without substantial mitigation measures . . . LFA exercises pose a significant threat to these populations by, at a minimum, interfering with critical behavioral patterns.'" | Popper Decl. ¶¶ 35, 38, 40-41, 47, 48; Johnson Decl. ¶35. |
| Reply at 23, lines 18-19 (citing Soto Decl. ¶14): "[B]eaked whale expert, concludes that evidence over past 5 years 'increases concern about the potential for [LFA] to impact beaked whales.'" | Houser Decl. ¶¶ 10, 20-24 Ketten Decl. ¶15; Tyack Decl. ¶31; Clark Decl. ¶29. |
| Reply at 24, lines 2-4 (Bain Decl. ¶¶ 7-19): "[T]he science since 2002 increases concerns, not diminishes them [with respect to beaked whales]." | Houser Decl. ¶¶ 10, 20-24 Ketten Decl. ¶15; Tyack Decl. ¶31; |
| Reply at 23, lines 19-21 (citing Wang Decl. ¶11): "[E]xpert on Western Pacific marine mammals, concludes that 'LFA exercises pose a significant threat to cetacean populations in the region.'" | Clark Decl. ¶¶ 23-24, 35-36; Tyack Decl. ¶¶ 28-29. |
| Reply at 23, lines 21-22 (citing Whitehead Decl. ¶5): "[E]xpert in population ecology, concludes that 'LFA is likely to have adverse impacts on marine mammals at a population scale.'" | Clark Decl. ¶¶ 23-25, 35-36. |
| Reply at 23 -24 (citing Soto Decl. ¶ 10; Plaintiffs' Ex. 58): "Defendants' assumptions about beaked whales are belied by studies that show they and other acoustically sensitive species react strongly to sounds well outside their best hearing range." | Houser Decl. ¶¶ 10, 20-22; Tyack Decl. ¶¶ 15-17, 22, 24, 31; Clark Decl. ¶29. |

| Plaintiffs' Assertion | Defendants' Rebuttal |
|---|---|
| Reply at 24, lines 4-6 (citing Baird Decl. ¶¶ 6-13; Ex. 81): "[T]he Navy's monitoring is insufficient to prevent injury even from the direct tissue damage that Defendants acknowledge." | SEIS at 10-137; Johnson Decl. ¶¶ 22, 31-33; Frankel Decl. ¶¶ 28, 31. |
| Reply at 24, lines 13-16 (citing Bain Decl. ¶7; Whitehead Decl. ¶9; Exs. 84-86): Alleging increased risk to populations "given LFA's repeated use in the same regions and, apparently, in the same areas . . . ." | Tyack Decl. ¶26; Frankel Decl. ¶¶ 32-33; Clark Decl. ¶23. |
| Reply at 24, lines 13-16 (citing Bain Decl. ¶7; Whitehead Decl. ¶9; Exs. 84-86): Alleging increased risk to populations in light of "increasing evidence of population structure in marine mammals." | Frankel Decl. ¶¶ 30-31; Clark Decl. ¶¶ 23, 36. |

Dated: January 16, 2008

RONALD J. TENPAS
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

JEAN E. WILLIAMS,  Chief
KRISTEN GUSTAFSON, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section

By: _____
GUILLERMO MONTERO, Trial Attorney
MA Bar #660903
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 663
Washington, D.C. 20044-663
Tel. (202) 305-0443/ Fax (202) 305-0274
Guillermo.Montero@usdoj.gov

Counsel for Federal Defendants

DEFENDANTS' DEMONSTRATIVE EXHIBIT
Case No. 07-4771-EDL