ROBERT FALK (SBN 142007)
ROBIN S. STAFFORD (SBN 200950)
SARAH SCHINDLER (SBN 236414)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522
Email: RFalk@mofo.com
Email: RStafford@mofo.com
Email: SSchindler@mofo.com

JOEL R. REYNOLDS (SBN 85276)
CARA HOROWITZ (SBN 220701)
NATURAL RESOURCES DEFENSE COUNCIL, INC.
1314 Second Street
Santa Monica, California 90401
Telephone:  (310) 434-2300
Facsimile:  (310) 434-2399

Attorneys for Plaintiffs
NATURAL RESOURCES DEFENSE COUNCIL,
INC.; THE HUMANE SOCIETY OF THE UNITED
STATES; INTERNATIONAL FUND FOR ANIMAL
WELFARE; CETACEAN SOCIETY
INTERNATIONAL; LEAGUE FOR COASTAL
PROTECTION; OCEAN FUTURES SOCIETY;
JEAN-MICHEL COUSTEAU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC.; INTERNATIONAL FUND FOR ANIMAL WELFARE; THE HUMANE SOCIETY OF THE UNITED STATES; CETACEAN SOCIETY INTERNATIONAL; LEAGUE FOR COASTAL PROTECTION; OCEAN FUTURES SOCIETY; JEAN-MICHEL COUSTEAU | Civil Action No. 07-4771-EDL |
| Plaintiffs, | |
| v. | **PLAINTIFFS' RESPONSE TO ORDER REQUIRING FURTHER INFORMATION** |
| CARLOS M. GUTIERREZ, SECRETARY OF THE UNITED STATES DEPARTMENT OF COMMERCE; NATIONAL MARINE FISHERIES SERVICE; WILLIAM HOGARTH, ASSISTANT ADMINISTRATOR FOR FISHERIES OF THE NATIONAL OCEANOGRAPHIC AND ATMOSPHERIC ADMINISTRATION; VICE ADMIRAL CONRAD C. LAUTENBACHER, JR., ADMINISTRATOR OF THE NATIONAL OCEANOGRAPHIC AND ATMOSPHERIC ADMINISTRATION; UNITED STATES DEPARTMENT OF THE NAVY; DONALD C. WINTER, SECRETARY OF THE UNITED STATES DEPARTMENT OF THE NAVY; ADMIRAL MIKE MULLEN, CHIEF OF NAVAL OPERATIONS | |
| Defendants. | |

1     In its January 25 Order, the Court directed parties to provide further information on the

2   Navy's treatment of Davidson Seamount, an oceanographic feature lying off the central

3   California coast about 65 nautical miles to the southwest of Monterey.

4     As the Court has noted (Order at 1), the SEIS states that the Navy "is currently evaluating

5   the proposal to make Davidson Seamount an OBIA [Offshore Biologically Important Area] and

6   will provide a response prior to the termination of the current NMFS Rule authorizing SURTASS

7   LFA operations."  Order at 1 (citing SEIS at 10-114).  That proposal was made by the NOAA

8   Office of Program Planning and Integration, which cited the importance of the seamount as a

9   "feeding ground for sperm whales along the California coast" and its proximity to the Monterey

10   Bay National Marine Sanctuary.  SEIS at 10-114, Appendix B at G-003.  According to NOAA,

11   the agency had previously notified the Navy of the biological importance of the seamount in May

12   2001.  SEIS Appendix B at G-003.

13     The record before this Court makes clear that the Davidson Seamount is not an OBIA.

14   Neither the Navy nor NMFS lists it among the areas designated for exclusion, and the Seamount

15   lies outside the bounds of the Monterey Bay National Marine Sanctuary, the nearest of the few

16   areas to receive that designation.  SEIS at 2-16; 72 Fed. Reg. 46892.

17     According to the Navy's Record of Decision, the Davidson Seamount (as well as the

18   Papahanaumokualea Marine National Monument, which President George W. Bush established in

19   the northwest Hawaiian Islands) was not afforded OBIA status because NOAA did not "include

20   detailed information on the biology of the marine mammals in the proposed area" and thus "did

21   not meet" the requirements set forth by NMFS for OBIA petitioners.  Nov. 15 Montero

22   Declaration ("Decl.") Exhibit ("Ex.") 8 at 55-56.  Along the same lines, NMFS' Final Rule

23   Decision Memorandum takes note of the statement about sperm whales in NOAA's

24   recommendation, then dismisses it on the grounds that NMFS has "no information that this

seamount is any different from the thousands of others across the Pacific."  Jan. 31 Montero Decl. Ex. A at 5; *see also id.* Ex. B at 11 (ruling out designation because the Navy decided that the seamount does not fit the requirements of an OBIA).  Defendants appear not only to have shifted "the burden . . . to prove that additional exclusion zones are warranted" onto members of the public (*NRDC v. Evans*, 279 F. Supp. 2d 1129, 1163 (N.D. Cal. 2003)), but even onto NMFS' parent agency.

In fact, information on sperm whale distribution on Davidson Seamount is readily available from NOAA – including in a 2001 report prepared by the Monterey Bay National Marine Sanctuary explicitly in response to the Navy's consultation with the NOAA sanctuary office over SURTASS LFA.  Stafford Decl. Ex. 1 at 4 (report posted on NOAA website, showing the Davidson Seamount as "major" area for adult sperm whales).  Indeed, NOAA has already issued a Proposed Rule to expand the Sanctuary's boundaries to include the seamount.  Stafford Decl. Ex. 2 at 59,061.  Defendants' rejection of the Seamount (and the Marine National Monument) on the grounds that the parent agency did not include sufficient information in a proposal letter is untenable, and indicates that NMFS took the same improper approach that the Court identified in 2003: refusing to designate additional OBIAs "despite NMFS' and the Navy's awareness of specific areas and seasons that are *potentially sensitive*."  *Evans*, 279 F. Supp. 2d at 1163 (emphasis added).

As a second reason for rejecting designation of the seamount, the Navy reverts again to the LOA process, noting that it will consider "species abundances and densities" in preparing future applications, and concludes on this basis that the "Davidson Seamount has adequate protection under the current and proposed regulations."  Nov. 15 Montero Decl. Ex. 8 at 56-57.  Such an approach is both inadequate and improper.  As this Court found in *Evans*, "the mere prospect that future LOAs will consider additional information on marine mammal distribution

and the Navy may choose to avoid sensitive areas does not relieve NMFS of its specific statutory responsibility in the present to 'prescribe regulations setting forth . . . means of effecting the least practicable adverse impact on such species or stock and its habitat.'"  279 F. Supp. 2d at 1163-64 (citing 16 U.S.C. § 1371(a)(5)(A)(ii)(I)); *see also* Plaintiffs' Reply Brief at 3-4.

Dated:  January 31, 2008                    MORRISON & FOERSTER LLP

                                            By:    */s/ Robin Stafford*
                                                   Robin S. Stafford

                                            Attorneys for Plaintiffs Natural Resources
                                            Defense Council, et al.