1  ROBERT L. FALK (SBN 142007)
   ROBIN S. STAFFORD (SBN 200950)
2  SARAH SCHINDLER (SBN 236414)
   MORRISON & FOERSTER LLP
3  425 Market Street
   San Francisco, California 94105-2482
4  Telephone: (415) 268-7000
   Facsimile: (415) 268-7522
   Email: RFalk@mofo.com
5  Email: RStafford@mofo.com
   Email: SSchindler@mofo.com
6
   JOEL R. REYNOLDS (SBN 85276)
7  CARA A. HOROWITZ (SBN 220701)
   NATURAL RESOURCES DEFENSE COUNCIL, INC.
   1314 Second Street
8  Santa Monica, CA 90401
   Telephone: (310) 434-2300
9  Facsimile: (310) 434-2399

10 Attorneys for Plaintiffs
   NATURAL RESOURCES DEFENSE COUNCIL, INC.;
   INTERNATIONAL FUND FOR ANIMAL WELFARE;
11 THE HUMANE SOCIETY OF THE UNITED STATES;
   CETACEAN SOCIETY INTERNATIONAL; LEAGUE
12 FOR COASTAL PROTECTION; OCEAN FUTURES
   SOCIETY; JEAN-MICHEL COUSTEAU

13

14                 UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 16 NATURAL RESOURCES DEFENSE COUNCIL, INC.; INTERNATIONAL FUND FOR ANIMAL WELFARE; 17 THE HUMANE SOCIETY OF THE UNITED STATES; CETACEAN SOCIETY INTERNATIONAL; LEAGUE 18 FOR COASTAL PROTECTION; OCEAN FUTURES SOCIETY; JEAN-MICHEL COUSTEAU, <br><br>19                        Plaintiffs,<br><br>20       v.<br><br>21 CARLOS M. GUTIERREZ, SECRETARY OF THE UNITED STATES DEPARTMENT OF COMMERCE; NATIONAL MARINE FISHERIES SERVICE; JAMES 22 BALSIGER, ACTING ASSISTANT ADMINISTRATOR FOR FISHERIES OF THE NATIONAL 23 OCEANOGRAPHIC AND ATMOSPHERIC ADMINISTRATION; VICE ADMIRAL CONRAD C. 24 LAUTENBACHER, JR., ADMINISTRATOR OF THE NATIONAL OCEANOGRAPHIC AND ATMOSPHERIC ADMINISTRATION; UNITED 25 STATES DEPARTMENT OF THE NAVY; DONALD C. WINTER, SECRETARY OF THE UNITED STATES 26 DEPARTMENT OF THE NAVY; ADMIRAL GARY ROUGHEAD, CHIEF OF NAVAL OPERATIONS,<br><br>27                        Defendants. | Civil Action No. 07-4771-EDL<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Judge:** Hon. Elizabeth D. Laporte<br>**Ctrm:** E |

28

**JOINT CASE MANAGEMENT STATEMENT**
No. C 07-4771-EDL
sf-2464075

Pursuant to Local Rule 16-9, the Court's Standing Order Re: Case Management Conference, the Court's February 6, 2008 Opinion and Order Granting in Part Plaintiffs' Motion for Preliminary Injunction, and the Court's February 15, 2008 Order Continuing Case Management Conference and Permitting Telephonic Appearance, Plaintiffs Natural Resources Defense Council, Inc.; International Fund for Animal Welfare; The Humane Society of The United States; Cetacean Society International; League for Coastal Protection; Ocean Futures Society; and Jean-Michel Cousteau (collectively "Plaintiffs") and Defendants Carlos M. Gutierrez, Secretary of the United States Department of Commerce; National Marine Fisheries Service ("NMFS"); James Balsiger, Acting Assistant Administrator for Fisheries of the National Oceanographic and Atmospheric Administration ("NOAA")[1]; Vice Admiral Conrad C. Lautenbacher, Jr., Administrator of NOAA; United States Department of the Navy ("Navy"); Donald C. Winter, Secretary of the Navy; and Admiral Gary Roughead, Chief of Naval Operations[2] (collectively "Defendants") jointly submit this Case Management Statement and Proposed Order and request that the Court adopt it as its Case Management Order in this case.

## I.   DESCRIPTION OF CASE

Plaintiffs' action seeks relief under the Marine Mammal Protection Act, the National Environmental Policy Act, the Endangered Species Act, and the Administrative Procedure Act. More detailed descriptions of the action have been presented to the Court in briefing by Plaintiffs and Defendants (collectively the "Parties") on Plaintiffs' motion for preliminary injunction.

All Parties have been served. Neither Plaintiffs nor Defendants anticipate the joinder of any other party.

---

[1] In his official capacity, James Balsiger is automatically substituted as Defendant in place of William Hogarth who has retired, pursuant to Fed. R. Civ. P. 25(d)(1).

[2] In his official capacity, Admiral Gary Roughead is automatically substituted as Defendant in place of Admiral Michael Mullen, pursuant to Fed. R. Civ. P. 25(d)(1).

**JOINT CASE MANAGEMENT**
**CONFERENCE STATEMENT**                    1
No. C 07-4771-EDL
sf-2464075

**II. CONSENT TO MAGISTRATE JUDGE FOR TRIAL**

Both Parties have consented to the jurisdiction of the Court for trial. The Parties' consent is without prejudice to any defense or legal argument that may be available to them.

**III. ALTERNATIVE DISPUTE RESOLUTION**

On February 6, 2008, the Court issued two orders. The first granted in part and denied in part the Plaintiffs' motion for preliminary injunction ("Order"). The second referred this matter to the Honorable Joseph C. Spero for a conference to negotiate the scope of the preliminary injunction consistent with the findings and instructions in the Order. The conference is set for March 26, 2008.

**IV. DISCLOSURES**

The Parties agree that this proceeding is exempt from initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B)(i).

**V. ADMINISTRATIVE RECORD, DISCOVERY, AND MOTIONS**

**A. Compilation of Administrative Record.**

The Parties have been unable to agree to a stipulated schedule by which Defendants shall file and certify the administrative records.

*Plaintiffs' Proposal:* Plaintiffs propose that Defendants submit an index of the administrative record to Plaintiffs no later than March 18, 2008, and file, certify, and serve in electronic form the administrative record no later than April 4, 2008. In the prior LFA litigation, this Court's November 20, 2002 Order required NMFS to provide Plaintiffs with an index of the administrative record one month before the record was to be certified. Early provision of the index proved useful in identifying issues concerning the record. Plaintiffs expect that indices would be similarly benfecial here, and would assist the parties in expeditiously identifying and resolving any issues concerning the records.

*Defendants' Proposal:* Defendants propose to manually file and serve their administrative records on CD or DVD and electronically lodge a notice of filing with the Court's ECF system no later than May 9, 2008. The administrative records are large, and Defendants require a sufficient amount of time to complete compilation of the records and to conduct the

necessary privilege reviews prior to production. Because final indices will not be available until the administrative records are fully compiled and reviewed, *i.e.* only days before the administrative records are filed, and because Plaintiffs will have an entire month to review the administrative records for completeness after they have been filed, Defendants ask the Court not to require them to provide Plaintiffs with an index prior to the administrative records' production.

The Parties agree that, within thirty days after Defendants make the administrative records available to Plaintiffs, Plaintiffs shall notify Defendants whether they believe that: (1) the records require supplementation; (2) discovery is needed; and/or (3) expert testimony is necessary. The Parties agree to attempt to resolve any disagreements on these issues prior to seeking the Court's assistance. If the Parties cannot reach an agreement, they may move this Court within forty-five days from the filing of the certified administrative record for an order directing that the record be supplemented, for an order compelling discovery, or for a protective order. The Parties propose competing schedules for briefing of a motion or cross-motions for summary judgment, as set forth below.

### B. Discovery.

*Plaintiff's Position:* Plaintiffs believe that limited discovery may be appropriate into topics that include, *inter alia*, the practicability of proposed relief and the support of claims that exist outside the record. Such discovery may include requests for production of documents, interrogatories, depositions, and requests for admissions.

*Defendants' Position:* Defendants' position is that discovery is inappropriate in this case, which involves a challenge to agency actions based on the Court's review of administrative records consisting of the information that was available to the decisionmakers at the time of the challenged decisions. However, should the Court permit Plaintiffs to take discovery, Defendants ask that they be allotted an equal opportunity to take discovery on Plaintiffs.

**C.    Motions.**

The Parties agree that this case can likely be disposed of via summary judgment. However, the Parties have been unable to reach agreement concerning a potential briefing schedule for a motion or cross-motions.

*Plaintiffs' Proposal*: Plaintiffs propose the following schedule for summary judgment proceedings:[3]

|  |  |
|---|---|
| Opening Papers: | July 3, 2008 |
| Oppositions: | August 5, 2008 |
| Replies: | August 19, 2008 |
| Hearing: | September 16, 2008 |

While Plaintiffs believe that the Court could benefit from the fuller briefing schedule set forth above, Plaintiffs are amenable to limiting the briefing to opening and opposition briefs as long as the briefing dates are the same for both sides.

*Defendants' Proposal*: Defendants believe that the schedule proposed by Plaintiffs, which involves simultaneous cross-motions, is inefficient because it forces Defendants to guess in their opening brief which arguments Plaintiffs will pursue. A staggered briefing schedule is far more efficient because it results in more responsive briefing, more focused argument, and less wasted effort, since Defendants will be able to respond directly to the arguments that Plaintiffs actually make in their opening brief. For these reasons, Defendants propose the following schedule:

|  |  |
|---|---|
| Plaintiffs' Motion for Summary Judgment: | August 5, 2008 |
| Defendants' Opposition and Cross-Motion: | September 16, 2008 |
| Plaintiffs' Opposition and Reply: | October 7, 2008 |
| Defendants' Reply: | October 28, 2008 |
| Hearing: | December 2, 2008 |

---

[3] These dates are based on the assumptions that the administrative records are filed and certified no later than April 4, 2008 and that all proceedings related to the administrative records are completed no later than June 1, 2008. Should these deadlines not be met, Plaintiffs may ask the Court to revisit this schedule.

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT                                         4
No. C 07-4771-EDL
sf-2464075

In the alternative, if the Court decides that a simultaneous schedule is appropriate, Defendants believe that the Court would benefit from a full briefing schedule that includes reply briefs and thus propose the following schedule:[4]

| | |
|---|---|
| Opening Papers: | August 5, 2008 |
| Oppositions: | September 23, 2008 |
| Replies: | October 28, 2008 |
| Hearing: | December 2, 2008 |

## VI. FINALIZING THE PRELIMINARY INJUNCTION

The Court's February 6, 2008 Order also indicates that the Court wishes to use the Case Management Conference to address finalizing the preliminary injunction. As discussed above, the Parties have agreed to a conference with Magistrate Judge Spero on March 26, 2008, and hope to reach agreement on how such an injunction could be tailored to address the Court's concerns at that time.

## VII. SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL

Pursuant to Civil Local Rule16-12, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the Court and private entities, and has considered whether this case might benefit from any of the available dispute resolution options.

---

[4] Both of Defendants' proposed schedules are based on the assumption that the administrative records are filed on May 9, 2008 and that all proceedings related to the administrative records are completed no later than July 1, 2008. Should these deadlines not be met, Defendants may ask the Court to revisit the schedule. Both of Defendants' proposed schedules also reflect the fact that Department of Justice counsel will be out of the country during the first two weeks of October and Navy counsel has travel planned for the last two weeks of August.

| | | |
|---|---|---|
| 1 | Dated: February 26, 2008 | MORRISON & FOERSTER LLP<br>NATURAL RESOURCES DEFENSE |
| 2 | | COUNCIL, INC. |
| 3 | | |
| 4 | | By: /s/<br>    Robin S. Stafford |
| 5 | | Attorneys for Plaintiffs<br>NATURAL RESOURCES DEFENSE |
| 6 | | COUNCIL, INC.; THE HUMANE SOCIETY<br>OF THE UNITED STATES; CETACEAN |
| 7 | | SOCIETY INTERNATIONAL; LEAGUE FOR<br>COASTAL PROTECTION; OCEAN FUTURES |
| 8 | | SOCIETY; and JEAN-MICHEL COUSTEAU |
| 9 | | |
| 10 | Dated: February 26, 2008 | RONALD J. TENPAS<br>Assistant Attorney General |
| 11 | | United States Department of Justice<br>Environment & Natural Resources Division |
| 12 | | JEAN E. WILLIAMS, Chief |
| 13 | | KRISTEN L. GUSTAFSON, Senior Trial Attorney<br>Wildlife & Marine Resources Section |
| 14 | | GUILLERMO A. MONTERO, Trial Attorney<br>Natural Resources Section |
| 15 | | United States Department of Justice<br>Environment & Natural Resources Division |
| 16 | | |
| 17 | | By: /s/<br>    Kristen L. Gustafson |
| 18 | | Counsel for Federal Defendants |

**JOINT CASE MANAGEMENT
CONFERENCE STATEMENT**                       6
No. C 07-4771-EDL
sf-2464075