RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
**UNITED STATES DEPARTMENT OF JUSTICE**

JEAN E. WILLIAMS, Chief
KRISTEN L. GUSTAFSON, Senior Trial Attorney
Wildlife and Marine Resources Section
GUILLERMO MONTERO, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
**UNITED STATES DEPARTMENT OF JUSTICE**
Benjamin Franklin Station - P.O. Box 7369/ P.O. Box 663
Washington, D.C. 20044
(202) 305-0211 (tel.) / (202) 305-0443 (tel.)
(202) 305-0275 (fax)/ (202) 305-0274 (fax)
Kristen.Gustafson@usdoj.gov
Guillermo.Montero@usdoj.gov

**Counsel for Federal Defendants**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., | Civ. Action No. 07-4771-EDL |
| Plaintiffs, | |
| v. | ANSWER |
| CARLOS GUTIERREZ, SECRETARY OF THE UNITED STATES DEPARTMENT OF COMMERCE, et al. | |
| Defendants. | Judge: Hon. Elizabeth D. Laporte<br>Ctrm: E |

Answer
NRDC v. Gutierrez, Case No. 07-4771-EDL

Defendants Carlos M. Gutierrez, Secretary of the United States Department of Commerce; the National Marine Fisheries Service; James Balsiger, Acting Assistant Administrator for Fisheries of the National Oceanic and Atmospheric Administration;[1]/ Vice Admiral Conrad C. Lautenbacher, Jr., Administrator of the National Oceanic and Atmospheric Administration; United States Department of the Navy; Donald C. Winter, Secretary of the United States Department of the Navy; and Admiral Gary Roughead, Chief of Naval Operations[2]/ (collectively, "Defendants"), hereby answer each numbered paragraph of Plaintiffs' Complaint for Declaratory and Injunctive Relief, dated September 17, 2007. The numbered paragraphs of the Defendants' Answer correspond to the numbered paragraphs of the Complaint.

## INTRODUCTION

1. The allegations in Paragraph 1 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1.

2. Defendants deny the allegations in Sentences one and two of Paragraph 2, and aver that Defendants issued a Final Rule on August 14, 2007 which governs the issuance of Letters of Authorization for the Navy's employment of Surveillance Towed Array Sensor System ("SURTASS") Low Frequency Active ("LFA") sonar from August 16, 2007 until August 15, 2012. The allegations in Sentence three of Paragraph 2 purport to characterize the 2007 Final Rule, which speaks for itself and provides the best evidence of its content. To the extent the allegations in Sentence three of Paragraph 2 are inconsistent with the 2007 Final Rule, they are denied.

3. Defendants deny the allegations in Paragraph 3.

4. The allegations in Sentences one and two of Paragraph 4 purport to characterize a published judicial opinion, Natural Resources Defense Council v. Evans, 279 F. Supp.2d 1129 (N.D.

---

[1]/ Pursuant to Federal Rule of Civil Procedure 25(d), James Balsiger, Acting Assistant Administrator of Fisheries for the National Oceanic and Atmospheric Administration, is automatically substituted for his predecessor, William Hogarth.

[2]/ Pursuant to Federal Rule of Civil Procedure 25(d), Admiral Gary Roughead, Chief of Naval Operations, is automatically substituted for his predecessor, Admiral Mike Mullen.

Answer
NRDC v. Gutierrez, Case No. 07-4771-EDL

- 1 -

Cal. 2003), which speaks for itself and provides the best evidence of its content. To the extent the allegations in Sentences one and two of Paragraph 4 are inconsistent with the judicial opinion, they are denied. The allegations in Sentence three of Paragraph 4 purport to characterize this Court's October 14, 2003 Permanent Injunction entered in Natural Resources Defense Council v. Evans, Civ. No. 02-3805-EDL, which speaks for itself and provides the best evidence of its content. To the extent the allegations in Sentence three of Paragraph 4 are inconsistent with the October 14, 2003 Permanent Injunction, they are denied. Defendants further aver that the October 14, 2003 Permanent Injunction was amended on July 7, 2005.

5. Defendants deny the allegations in Sentence one of Paragraph 5, and aver that the National Marine Fisheries Service ("NMFS") issued a Final Rule on August 14, 2007 ("2007 Final Rule") which governs the issuance of Letters of Authorization for the Navy's employment of SURTASS LFA sonar from August 16, 2007 until August 15, 2012. The allegations in Sentences two and three of Paragraph 5 purport to characterize the 2007 Final Rule, the Supplemental Environmental Impact Statement ("SEIS"), and two Biological Opinions, which speak for themselves and provide the best evidence of their content. To the extent the allegations in Sentences two and three of Paragraph 5 are inconsistent with the 2007 Final Rule, SEIS, or Biological Opinions, the allegations are denied.

6. The allegations in Paragraph 6 and the corresponding footnote purport to characterize the 2007 Final Rule, an Environmental Impact Statement ("EIS") issued in 2001, the SEIS, and two Biological Opinions, which speak for themselves and provide the best evidence of their content. To the extent the allegations in Paragraph 6 and the corresponding footnote are inconsistent with the 2007 Final Rule, EIS, SEIS, or Biological Opinions, the allegations are denied.

7. Defendants deny the allegations in Sentences one, two, and four of Paragraph 7. The allegations in Sentence three of Paragraph 7 are vague and ambiguous and therefore no response is required. To the extent a further response is required, the allegations are denied.

8. Defendants deny the allegations in Paragraph 8.

9. The allegations in the first clause of Sentence two of Paragraph 9 purport to characterize the results of the Navy's modeling in the EIS, which document speaks for itself and provides the best evidence of its content. To the extent the allegations in the first clause of Sentence two of Paragraph 9 are inconsistent with the EIS, they are denied. The remaining allegations in Paragraph 9 are denied.

10. The allegations in the second clause of Sentence one of Paragraph 10 purport to characterize the Biological Opinions, which documents speak for themselves and provide the best evidence of their content. To the extent the allegations in the second clause of Sentence one of Paragraph 10 are inconsistent with the Biological Opinions, they are denied. Defendants deny the remaining allegations in Paragraph 10.

11. The allegations in Paragraph 11 constitute Plaintiffs' characterization of their case and a description of the relief sought, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

**JURISDICTION AND PARTIES**

13. The allegations in Paragraph 13 present legal conclusions to which no response is required. To the extent the allegations in Paragraph 13 purport to characterize the legal authorities cited therein, those authorities speak for themselves and provide the best evidence of their content. To the extent the allegations in Paragraph 13 are inconsistent with those authorities, the allegations are denied.

14. The allegations in Paragraph 14 constitute Plaintiffs' characterization of their case or present legal conclusions, to which no response is required. To the extent a further response is required, Defendants deny the allegations.

15. The allegations in Sentence one of Paragraph 15 present legal conclusions to which no response is required. The allegations in Sentence two of Paragraph 15 constitute Plaintiffs' characterization of their case, to which no response is required. Defendants deny the allegations in

1  Sentence three of Paragraph 15, aver that the Plaintiffs have alleged certain violations of law in their
2  Complaint, and aver that the allegations are unfounded.

3      16.    Defendants deny the allegations in Paragraph 16, aver that Defendants have not
4  violated federal law, and aver that Plaintiffs have no basis for seeking the requested relief.

5      17.    The allegations in Sentence one of Paragraph 17 present legal conclusions to which no
6  response is required. Defendants deny the allegations in Sentences two and three of Paragraph 17,
7  and aver that Plaintiffs are not entitled to any relief whatsoever.

8      18-25.    Defendants are without sufficient information to form a belief as to the truth of the
9  allegations in Paragraphs 18-25 and therefore deny the allegations.

10      26.    The allegations in Sentence one of Paragraph 26 are vague and ambiguous and
11  therefore no response is required. To the extent a further response is required, the allegations are
12  denied. Defendants deny the allegations in Sentence two of Paragraph 26.

13      27.    Defendants admit that Carlos M. Gutierrez is the Secretary of Commerce. The
14  remaining allegations in Paragraph 27 constitute the Plaintiffs' characterization of their case and
15  present legal conclusions, to which no response is required. To the extent a further response is
16  required, Defendants deny the allegations.

17      28.    Defendants admit the allegations in Sentence one of Paragraph 28. In response to
18  Sentence two of Paragraph 28, Defendants admit that NMFS officials issued the 2007 Final Rule,
19  Letters of Authorization ("LOA"), and Biological Opinion addressed in the Complaint, and aver that
20  the remaining allegations in Sentences two and three constitute Plaintiffs' characterization of their
21  case or legal conclusions, to which no response is required. To the extent a further response is
22  required, Defendants deny the allegations.

23      29.    Defendants deny the allegations in the first clause of Sentence one of Paragraph 29
24  and aver that William Hogarth was the Assistant Administrator for Fisheries, but the current Acting
25  Assistant Administrator for Fisheries is James Balsiger. Defendants deny the remaining allegations
26  in Sentence one because they are vague and ambiguous. Defendants admit the allegation in Sentence
27  two of Paragraph 29 that William Hogarth approved the Final Rule but deny the remaining

28  Answer
NRDC v. Gutierrez, Case No. 07-4771-EDL
- 4 -

allegations in Sentence two. The remaining allegations in Paragraph 29 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a further response is required, Defendants deny the allegations.

30. Defendants admit that Vice Admiral (Ret.) Conrad C. Lautenbacher, Jr., is the Administrator of the National Oceanic and Atmospheric Administration within the Department of Commerce. The remaining allegations in Paragraph 30 constitute the Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a further response is required, Defendants deny the remaining allegations.

31. In response to the allegations in Sentence one of Paragraph 31, Defendants deny that Defendant Department of the Navy is one of the armed services of the United States Government, and aver that Defendant Department of the Navy is one of the military departments of the United States Government. The allegations in Sentence two of Paragraph 31 purport to characterize the August 15, 2007 Record of Decision ("ROD"), which speaks for itself and provides the best evidence of its content. To the extent the allegations in Sentence two of Paragraph 31 are inconsistent with the August 15, 2007 ROD, they are denied. In response to the allegations in Sentence three of Paragraph 31, Defendants admit that the Department of the Navy is a federal agency, but the remaining allegations constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the remaining allegations.

32. Defendants admit that Donald C. Winter is the Secretary of the Navy. The remaining allegations in Paragraph 32 constitute Plaintiffs' characterization of their case or legal conclusions, to which no response is required. To the extent a further response is required, Defendants deny the allegations.

33. Defendants deny that Admiral Mike Mullen is the Chief of Naval Operations, and aver that Admiral Gary Roughead is the Chief of Naval Operations. The remaining allegations in Paragraph 33 constitute Plaintiffs' characterization of their case or legal conclusions, to which no response is required. To the extent a further response is required, Defendants deny the allegations.

**STATUTORY BACKGROUND**

34-51. The allegations in Paragraphs 34-51 purport to characterize the Marine Mammal Protection Act ("MMPA") and its implementing regulations, the National Environmental Policy Act ("NEPA") and its implementing regulations, and the Endangered Species Act ("ESA") and its implementing regulations, which speak for themselves and provide the best evidence of their content. To the extent the allegations in Paragraphs 34-51 are inconsistent with the Marine Mammal Protection Act, the National Environmental Policy Act, the Endangered Species Act, or their implementing regulations, the allegations are denied.

**FACTUAL BACKGROUND**

52. Defendants admit that SURTASS LFA is an active sonar system that is used to identify and track underwater objects, but the remaining allegations in Paragraph 52 are vague and ambiguous and therefore no response is required. To the extent a further response is required, Defendants deny the allegations.

53. In response to the allegations in Sentence one of Paragraph 53, Defendants admit that the active component of SURTASS LFA includes up to 18 sound projectors suspended below the LFA vessel, but the remaining allegations in Sentence one are vague and ambiguous and therefore no response is required. To the extent a further response is required, Defendants deny the allegations. Defendants admit the allegations in Sentence two of Paragraph 53, except for the language "speakers" and the language "hundreds of miles in all directions," which is vague and ambiguous and therefore no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in Sentence three of Paragraph 53. In response to the allegations in Sentence four of Paragraph 53, Defendants admit that the maximum source level of SURTASS LFA is 215 decibels ("dB"), but the remaining allegations in Sentence four are vague and ambiguous and therefore no response is required. To the extent a further response is required, Defendants deny the allegations.

54. Defendants admit that the Navy plans to use three systems known as Compact LFA ("CLFA") and that CLFA operates within the frequency band of 100-500 dB, as set forth in the

Answer
NRDC v. Gutierrez, Case No. 07-4771-EDL

- 6 -

1  Supplemental EIS, which speaks for itself and is the best evidence of its content.  The remaining
2  allegations in Paragraph 54 are vague and ambiguous and therefore no response is required.  To the
3  extent a further response is required, Defendants deny the allegations.

4      55.    Defendants admit that low frequency sound propagates further in sea water than sound
5  at higher frequencies, but the remaining allegations in the first Sentence of Paragraph 55 are vague
6  and ambiguous and therefore no response is required.  To the extent a further response is required,
7  Defendants deny the allegations.  The allegations in the second and third Sentences of Paragraph 55
8  are vague and ambiguous and therefore no response is required.  To the extent a further response is
9  required, Defendants deny the allegations.  The allegations in the fourth Sentence of Paragraph 55
10 appear to characterize an unspecified document, which speaks for itself and provides the best
11 evidence of its content.  To the extent a further response is required, Defendants deny the allegations.

12     56.    The allegations in Paragraph 56 purport to characterize the 2007 Final Rule, which
13 speaks for itself and provides the best evidence of its content.  To the extent the allegations in
14 Paragraph 56 are inconsistent with the 2007 Final Rule, they are denied.

15     57.    The allegations in Sentences one, two and three of Paragraph 57 are vague and
16 ambiguous and therefore no response is required.  To the extent a response is required, Defendants
17 deny the allegations.  The allegations in Sentence four quote from a document which speaks for itself
18 and provides the best evidence of its content.  To the extent a further response is required, Defendants
19 deny the allegations.

20     58-59.    The allegations in Paragraphs 58-59 are vague and ambiguous and therefore no
21 response is required.  To the extent a further response is required, Defendants deny the allegations.

22     60.    The allegations in Paragraph 60 purport to characterize several documents, which
23 speak for themselves and provide the best evidence of their content.  To the extent a further response
24 is required, Defendants deny the allegations.

25     61.    Defendants deny the allegations in Paragraph 61.

26     62.    Defendants deny the allegations in Sentences one and two of Paragraph 62.  The
27 allegations in Sentences three and four of Paragraph 62 purport to characterize a document, which

28 Answer
NRDC v. Gutierrez, Case No. 07-4771-EDL

speaks for itself and provides the best evidence of its content. To the extent a further response is required, Defendants deny the allegations.

63. With regard to the allegations in Sentence two of Paragraph 63, Defendants admit the presence of a sonar system that had both a low-frequency component and a mid-frequency component during one stranding that has been associated with mid-frequency sonar in conjunction with other factors involved. Defendants deny the remaining allegations in Paragraph 63.

64. Defendants admit that some animals that were necropsied after the Canary Islands stranding in 2002 had emboli in their tissues, but the remaining allegations in Paragraph 64 are vague and ambiguous and therefore no response is required. To the extent a further response is required, Defendants deny the allegations.

65. The allegations in Paragraph 65 are vague and ambiguous and therefore no response is required. To the extent a further response is required, Defendants deny the allegations.

66. Defendants admit that marine mammals use sound for a variety of purposes, but the remaining allegations in Paragraph 66 are vague and ambiguous and therefore no response is required. To the extent a further response is required, Defendants deny the allegations.

67. The allegations in Paragraph 67 are vague and ambiguous and therefore no response is required. To the extent a further response is required, Defendants deny the allegations.

68. Defendants admit that SURTASS LFA was used prior to the initiation of the NEPA process that led to the EIS for SURTASS LFA that was published in January, 2001 as well the related processes under the MMPA and ESA, but the remaining allegations constitute legal conclusions or are vague and ambiguous, and therefore no response is required. To the extent a further response is required, Defendants deny the allegations.

69. With respect to the allegations in Sentences one and two of Paragraph 69, Defendants admit that the Navy filed an application with NMFS for an incidental take permit pursuant to Section 101(a)(5) of the MMPA in 1999 and that NMFS published proposed regulations in the Federal Register on March 19, 2001. The remaining allegations in Sentences one and two of Paragraph 69 purport to characterize the application and proposed rule, which speak for themselves and provide the

best evidence of their content. To the extent the allegations in Sentences one and two are inconsistent with the two referenced documents, they are denied. The allegations in Sentence three of Paragraph 69 are vague and ambiguous and therefore no response is required. To the extent a further response is required, Defendants deny the allegations. In response to the allegations in Sentence four of Paragraph 69, Defendants admit only that it received many comments on the Proposed Rule, and aver that they were received from a variety of sources. The remaining allegations in Sentence four of Paragraph 69 are vague and ambiguous and therefore no response is required. To the extent a further response is required, Defendants deny the allegations. In response to Sentence five of Paragraph 69, Defendants admit that the EIS for SURTASS LFA was published in January 2001.

70. The allegations in Paragraph 70 purport to characterize the Biological Opinion, Record of Decision, and 2002 Final Rule, which speak for themselves and provide the best evidence of their content. To the extent the allegations in Paragraph 70 are inconsistent with the Biological Opinion, Record of Decision, and 2002 Final Rule, the allegations are denied.

71. The allegations in Paragraph 71 are legal conclusions or purport to characterize the Plaintiffs' case and therefore no response is required. To the extent a further response is required, Defendants deny the allegations.

72. The allegations in Paragraph 72 purport to characterize previous decisions by this Court, which speak for themselves and provide the best evidence of their content. To the extent the allegations in Paragraph 72 are inconsistent with those decisions, the allegations are denied.

73. The allegations in Paragraph 73 purport to characterize a previous decision by this Court, which speaks for itself and provides the best evidence of its content. To the extent the allegations in Paragraph 73 are inconsistent with that decision, they denied.

74. The allegations in Paragraph 74 purport to characterize a previous decision and Order by this Court and a stipulation signed by the Parties, which documents speak for themselves and provide the best evidence of their content. To the extent the allegations in Paragraph 74 are inconsistent with those documents, the allegations are denied.

75. The allegations in Sentences one, three, four and five of Paragraph 75 purport to characterize amendments to the MMPA, which speak for themselves and provide the best evidence of their content. To the extent the allegations in Sentences one, three, four and five of Paragraph 75 are inconsistent with the amendments to the MMPA, the allegations are denied. The allegations in Sentence two of Paragraph 75 are vague and ambiguous and therefore no response is required. To the extent a further response is required, Defendants deny the allegations.

76. The allegations in Paragraph 76 purport to characterize a previous decision by this Court, which speaks for itself and provides the best evidence of its content. To the extent the allegations in Paragraph 76 are inconsistent with this Court's decision, the allegations are denied.

77. The allegations in Paragraph 77 purport to characterize an appeal Defendants filed and the appellate court decision, both of which speak for themselves and provide the best evidence of their content. To the extent the allegations in Paragraph 77 are inconsistent with those documents, the allegations are denied.

78. Defendants admit the allegations in Sentence one of Paragraph 78. The allegations in Sentence two of Paragraph 78 purport to characterize an Order issued by this Court, which speaks for itself and provides the best evidence of its content. To the extent the allegations in Sentence two of Paragraph 78 are inconsistent with this Court's Order, the allegations are denied.

79. The allegations in Paragraph 79 are legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations. The allegations in Footnote 3 to Paragraph 79 purport to characterize a stipulation the parties filed with the Court on October 5, 2007, which speaks for itself and provides the best evidence of its content. To the extent the allegations in Footnote 3 to Paragraph 79 are inconsistent with the stipulation, they are denied.

80. Defendants admit that the Navy submitted an application to NMFS on May 12, 2006. The remaining allegations in Sentence one of Paragraph 80 purport to characterize the Navy's application, which speaks for itself and provides the best evidence of its content. To the extent the

1   allegations in Sentence one of Paragraph 80 are inconsistent with the Navy's application, they are
2   denied.  Defendants admit the allegations in Sentence two of Paragraph 80.
3       81.     The allegations in Paragraph 81 purport to characterize the Navy's application, which
4   speaks for itself and provides the best evidence of its content.  To the extent the allegations in
5   Paragraph 81 are inconsistent with the Navy's application, they are denied.
6       82.     Defendants admit the allegations in Sentence one of Paragraph 82.  The allegations in
7   Sentences two and four of Paragraph 82 purport to characterize the Navy's SEIS, which speaks for
8   itself and provides the best evidence of its content.  To the extent the allegations in Sentences two and
9   four of Paragraph 82 are inconsistent with the SEIS, they are denied.  The allegations in Sentence
10  three of Paragraph 82 are either legal conclusions to which no response is required or purport to
11  characterize the Navy's SEIS and a published judicial opinion, Natural Resources Defense Council v.
12  Evans, 279 F. Supp.2d 1129 (N.D. Cal. 2003), which speak for themselves and provide the best
13  evidence of their content.  To the extent the allegations in Sentence three of Paragraph 82 are
14  inconsistent with the SEIS and published judicial opinion, they are denied.
15      83.     The allegations in the first clause of Sentence one of Paragraph 83 are vague and
16  ambiguous, and therefore no response is required.  To the extent a further response is required,
17  Defendants deny the allegations.  The remaining allegations in Paragraph 83 are legal conclusions to
18  which no response is required.  To the extent a further response is required, Defendants deny the
19  allegations.
20      84.     The allegations in Sentence one of Paragraph 84 purport to characterize the Plaintiffs'
21  comment on the Navy's Draft SEIS, which speaks for itself and provides the best evidence of its
22  content.  To the extent the allegations in Sentence one of Paragraph 84 are inconsistent with the
23  Plaintiffs' comment, they are denied.  The Navy admits the allegation in Sentence two of Paragraph
24  84 that the Navy issued its Final SEIS on May 4, 2007.  The remaining allegations in Sentence two of
25  Paragraph 84 purport to characterize the SEIS, which speaks for itself and provides the best evidence

28  Answer
    NRDC v. Gutierrez, Case No. 07-4771-EDL

of its content. To the extent the allegations in Sentence two of Paragraph 84 are inconsistent with the SEIS, they are denied.

85. Defendants deny the allegations in the first clause of Sentence one of Paragraph 85, and aver that the Proposed Rule was published on July 9, 2007. The remaining allegations in Paragraph 85 purport to characterize the Proposed Rule, which speaks for itself and provides the best evidence of its content. To the extent the allegations in Paragraph 85 are inconsistent with the Proposed Rule, they are denied.

86. The allegations in Paragraph 86 purport to characterize NMFS's Proposed Rule and a published judicial opinion, <u>Natural Resources Defense Council v. Evans</u>, 279 F. Supp.2d 1129 (N.D. Cal. 2003), which speak for themselves and provide the best evidence of their content. To the extent the allegations in Paragraph 86 are inconsistent with the Proposed Rule and published judicial opinion, they are denied.

87. Defendants admit the allegations in Sentence one of Paragraph 87. The allegations in Sentence two of Paragraph 87 are vague and ambiguous, and therefore no response is required. To the extent a further response is required, Defendants deny the allegations in Sentence two of Paragraph 87, except to admit that the comment period on the Proposed Rule was fifteen days. The remaining allegations in Paragraph 87 purport to characterize NMFS' Proposed Rule and corresponding public comments, which speak for themselves and provide the best evidence of their content. To the extent the allegations remaining allegations in Paragraph 87 are inconsistent with the Proposed Rule and corresponding public comments, they are denied.

88. Defendants admit that the Final Rule was published in the Federal Register on August 21, 2007, and that NMFS issued a Biological Opinion on August 14, 2007. The remaining allegations in Paragraph 88 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its content. To the extent the remaining allegations in Paragraph 88 are inconsistent with the Final Rule, they are denied.

Answer
<u>NRDC v. Gutierrez</u>, Case No. 07-4771-EDL
- 12 -

1   89.   Defendants deny the allegations in Paragraph 89. With regard to the allegations in Footnote 4, Defendants admit the allegations in Sentence one and deny the allegations in Sentence two. Defendants aver that the Supplemental Biological Opinion for the LOAs issued on August 15, 2007, and a corrected version of the Supplemental Biological Opinion issued on August 17, 2007.

**FIRST CLAIM FOR RELIEF**

90.   Defendants' responses to all preceding Paragraphs are incorporated herein by reference.

91.   The allegations in Paragraph 91 are legal conclusions to which no response is required. In addition, the allegations in Paragraph 91 purport to characterize the MMPA and its implementing regulations, which speak for themselves and provide the best evidence of their content. To the extent the allegations in Paragraph 91 are inconsistent with the MMPA and its implementing regulations, they are denied.

92-94.   Defendants deny the allegations in Paragraphs 92-94.

95.   The allegations in Paragraph 95 provide legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations.

96.   Defendants deny the allegations in Paragraph 96.

**SECOND CLAIM FOR RELIEF**

97.   Defendants' responses to all preceding Paragraphs are incorporated herein by reference.

98.   Defendants admit that Defendants Department of Commerce and Department of the Navy are federal agencies, but the remaining allegations in Paragraph 98 are legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations.

99.   The allegations in Paragraph 99 are legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations.

100.   Defendants deny the allegations in Paragraph 100.

101. Defendants deny the allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

## THIRD CLAIM FOR RELIEF

107. Defendants' responses to all preceding Paragraphs are incorporated herein by reference.

108. The allegations in Paragraph 108 provide legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations.

109. Defendants deny the allegations in Paragraph 109.

110. The allegations in Paragraph 110 provide legal conclusions to which no response is required. To the extent a further response is required, the allegations are denied.

111. Defendants deny the allegations in Paragraph 111.

## PRAYER FOR RELIEF

Paragraphs 1-7 following Paragraph 111 state Plaintiffs' request for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## ALL CLAIMS

To the extent that any allegation contained in Plaintiffs' Complaint for Declaratory and Injunctive Relief dated September 17, 2007 remains unanswered, Defendants deny each allegation.

## DEFENSES

1. Plaintiffs have failed to state a claim upon which relief can be granted with respect to one or more claims.

2. Plaintiffs' action is barred by the statute of limitations with respect to one or more claims.

3. This Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

4. This Court lacks venue over some or all of Plaintiffs' claims.

WHEREFORE, Defendants respectfully request that the Court dismiss this action with prejudice, with all parties to bear their own costs and attorneys' fees, and grant such additional relief as it deems fitting and just.

Dated: March 4, 2008

RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

JEAN E. WILLIAMS, Chief

/s/ Kristen L. Gustafson
KRISTEN GUSTAFSON, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Tel. (202) 305-0211/ Fax (202) 305-0275
Kristen.Gustafson@usdoj.gov

GUILLERMO MONTERO, Trial Attorney
MA Bar #660903
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 663
Washington, D.C. 20044-663
Tel. (202) 305-0443/ Fax (202) 305-0274
Guillermo.Montero@usdoj.gov

Counsel for Federal Defendants

Answer
NRDC v. Gutierrez, Case No. 07-4771-EDL