1   RONALD J. TENPAS
    Assistant Attorney General
2   Environment and Natural Resources Division
3   **UNITED STATES DEPARTMENT OF JUSTICE**

4   JEAN E. WILLIAMS, Chief
    KRISTEN L. GUSTAFSON, Senior Trial Attorney
5   Wildlife and Marine Resources Section
    GUILLERMO A. MONTERO, Trial Attorney
6   Natural Resources Section
    Environment & Natural Resources Division
7   **UNITED STATES DEPARTMENT OF JUSTICE**
8   Benjamin Franklin Station - P.O. Box 7369/ P.O. Box 663
    Washington, D.C. 20044
9   (202) 305-0211 (tel.) / (202) 305-0443 (tel.)
    (202) 305-0275 (fax)/ (202) 305-0274 (fax)
10  Kristen.Gustafson@usdoj.gov
11  Guillermo.Montero@usdoj.gov

12  **Counsel for Federal Defendants**

13

14                    **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
15                      **SAN FRANCISCO DIVISION**

16  NATURAL RESOURCES DEFENSE            )
    COUNCIL, INC., et al.,               ) Civ. Action No. 07-4771-EDL
17                                       )
18          Plaintiffs,                  )
                                         )
19  v.                                   )
                                         ) STIPULATED SETTLEMENT AGREEMENT
20  CARLOS GUTIERREZ, SECRETARY          ) [PROPOSED] ORDER
    OF THE UNITED STATES                 )
21  DEPARTMENT OF COMMERCE, et al.       )
                                         )
22          Defendants.                  )
                                         )
23                                       ) Judge: Hon. Elizabeth D. Laporte
    _____  )
24

25          Pursuant to the Court's February 6, 2008 Opinion and Order Granting in Part Plaintiffs'

26  Motion for Preliminary Injunction ("Opinion and Order") and Order Referring Case for

27  Settlement Conference, the parties, Defendants United States Navy ("Navy") and National Marine

28  Fisheries Service ("NMFS") and the Natural Resources Defense Council, Inc. ("NRDC") on

FINAL Stipulated Settlement Agreement
NRDC v. Gutierrez, Case No. 07-4771-EDL                                          1

1  behalf of itself and other Plaintiffs, attended settlement conferences on March 26, 2008, and

2  May 27, 2008, before Magistrate Judge Spero to meet and confer on the precise terms of a

3  preliminary injunction consistent with the Court's Opinion and Order.  During mediation, the

4  parties agreed to settle the case in its entirety on the terms memorialized in this Stipulation.  In the

5  event that any party seeks to alter the agreed upon operating areas described in paragraph 4 and in

6  Tabs 1-4, paragraph 6 of the Stipulation establishes a procedure for the parties to meet and confer

7  with the assistance of a court-designated mediator.  Accordingly, the parties agree to the

8  following:

9      WHEREAS in 2002, Plaintiffs NRDC, International Fund for Animal Welfare, The

10  Humane Society of The United States, Cetacean Society International, League for Coastal

11  Protection, Ocean Futures Society, and Jean-Michel Cousteau filed suit in this Court alleging that

12  Defendants had violated the Marine Mammal Protection Act ("MMPA"), National Environmental

13  Policy Act ("NEPA"), Endangered Species Act ("ESA"), and Administrative Procedure Act

14  ("APA") by publishing a Final Rule under the MMPA, 67 Fed. Reg. 46712 (July 16, 2002), and

15  issuing a Record of Decision ("ROD") under NEPA, 67 Fed. Reg. 48145 (July 23, 2002),

16  regarding the Navy's use of Surveillance Towed Array Sensor System Low Frequency Active

17  ("SURTASS LFA") sonar;

18      WHEREAS on October 31, 2002, the Court granted in part and denied in part Plaintiffs'

19  motion for a preliminary injunction and on August 26, 2003, granted in part and denied in part

20  Plaintiffs' motion for summary judgment and ordered the parties to meet and confer on the

21  precise terms of the permanent injunction;

22      WHEREAS on October 8, 2003, the parties filed a joint stipulation regarding the

23  permanent injunction and use of SURTASS LFA in the western Pacific Ocean, which the Court

24  approved on October 14, 2003;

25      WHEREAS both the July 16, 2002 Final Rule and the permanent injunction expired by

26  their own terms on August 15, 2007;

27

28

FINAL Stipulated Settlement Agreement
NRDC v. Gutierrez, Case No. 07-4771-EDL

2

1    WHEREAS in April 2007, the Navy published a Final Supplemental Environmental

2    Impact Statement ("SEIS") and on August 15, 2007, signed a ROD under NEPA regarding the

3    Navy's use of SURTASS LFA sonar;

4    WHEREAS on August 15, 2007, Plaintiffs filed a motion for leave to file a supplemental

5    complaint in the foregoing action, alleging that Defendants had failed to meet their obligations

6    under NEPA and the permanent injunction;

7    WHEREAS on August 15, 2007, NMFS issued a Final Rule under the MMPA, 72 Fed.

8    Reg. 46846 (August 21, 2007), 50 C.F.R. Part 216 Subpart Q (Taking of Marine Mammals

9    Incidental to Navy Operations of Surveillance Towed Array Sensor System Low Frequency

10   Active (SURTASS LFA) Sonar) ("Final Rule"), and on August 15, 2007, NMFS issued Letters of

11   Authorization ("LOAs") to the Navy pursuant to the Final Rule;

12   WHEREAS the Navy and NMFS consulted under the ESA, and on August 15, 2007,

13   NMFS issued biological opinions concluding that the Navy's use of SURTASS LFA sonar was

14   not likely to jeopardize the continued existence of any endangered or threatened species and was

15   not likely to adversely affect any designated critical habitat;

16   WHEREAS, after stipulating with Defendants on August 28, 2007, to file a new

17   complaint and to withdraw their pending motion requesting leave of the Court to file

18   supplemental pleadings in the prior action, Plaintiffs filed the above-captioned lawsuit on

19   September 17, 2007, challenging Defendants' actions under the MMPA, NEPA, ESA, and APA,

20   and subsequently moved for preliminary injunctive relief;

21   WHEREAS to avoid unnecessary emergency litigation and to ensure that the Court had

22   sufficient time to render a decision on Plaintiffs' motion for preliminary injunction, on August 28,

23   2007, the parties agreed via e-mail correspondence, and stipulated on October 5, and

24   December 19, 2007, to extend the terms of the October 8, 2003 permanent injunction, as amended

25   in 2005, "with the exception that [the Navy] may operate the LFA sonar system within the coastal

26   exclusion zones set forth in that injunction only when necessary to continue tracking an existing

27   underwater contact detected outside the exclusion zone or when operationally necessary to detect

28   a new underwater contact that would place the LFA sonar system within the coastal exclusion

FINAL Stipulated Settlement Agreement
NRDC v. Gutierrez, Case No. 07-4771-EDL

3

1  zone to maximize opportunities for detection," until the earlier of the Court's decision on

2  Plaintiffs' motion or a date certain specified in the stipulation;

3      WHEREAS the Court's February 6, 2008 Opinion and Order granted in part and denied in

4  part Plaintiffs' Motion for Preliminary Injunction, and ordered the parties to meet and confer on

5  the precise terms of a preliminary injunction consistent with the Court's Opinion and Order;

6      WHEREAS the parties attended settlement conferences on March 26, 2008, and May 27,

7  2008, before Magistrate Judge Spero;

8      WHEREAS Plaintiffs and Defendants, through their authorized representatives, and

9  without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs'

10  claims, have reached a settlement resolving the claims raised in Plaintiffs' Complaint;

11      WHEREAS all parties agree that settlement of this action in this manner is in the public

12  interest and is an appropriate way to resolve the dispute between them;

13      THE PARTIES THEREFORE STIPULATE AS FOLLOWS:

14      1.      The parties agree that all negotiations leading up to this Stipulation are

15  confidential.  The parties further agree that this Stipulation supersedes all prior stipulations

16  regarding injunctive relief entered into by the parties in this case.

17      2.      The parties agree that this Stipulation shall remain in effect until the earliest of the

18  following:  (a) a modification by the Court, either as the Court elects or pursuant to a noticed

19  motion or stipulation by the parties, that this Stipulation has been superseded by subsequent

20  relevant events or authority, including but not limited to the outcome of further negotiations

21  described in paragraph 6 below; (b) the expiration of the Final Rule, 72 Fed. Reg. 46846

22  (August 21, 2007), 50 C.F.R. Part 216 Subpart Q; or (c) the issuance of a new final rule and

23  regulations that supersede the Final Rule.

24      3.      The parties agree that the Final Rule will be remanded voluntarily without vacatur

25  for reconsideration in light of the Court's conclusions in the February 6, 2008 Opinion and Order,

26  and that Defendants will conduct their activities pursuant to this Stipulation during the period that

27  the Stipulation is in effect.  Nothing in this Stipulation shall be construed to modify or limit the

28  discretion afforded to NMFS under the MMPA, NEPA, and ESA or principles of administrative

1    law on remand; nor shall the Stipulation, or the dismissal with prejudice required by it, operate to

2    modify or limit Plaintiffs' rights or arguments with respect to NMFS's actions on remand,

3    including seeking potential judicial review of such actions in a new civil action.  No provision of

4    this Stipulation shall be interpreted as or constitute a commitment or requirement that the United

5    States is obligated to pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or

6    any other provisions of law.  No provision of this Stipulation shall be interpreted as or constitute a

7    commitment or requirement that Plaintiffs or Defendants take actions in contravention of, or

8    waive any rights under, the MMPA, NEPA, ESA, APA, or any other law or regulation, either

9    substantive or procedural.  However, the parties waive their rights to seek appellate review of the

10   Court's February 6, 2008 Opinion and Order and this Stipulation.

11       4.      Except as provided for in paragraph 5 below, the parties agree that the attached

12   maps and associated text (Tabs 1-4) will govern the Navy's use of SURTASS LFA sonar for

13   testing, training, and military operations under the current LOAs and any future LOAs issued

14   during the pendency of the Stipulation.  In the event of a discrepancy between the maps and the

15   associated text, the associated text controls.  For the Western Pacific operating area, the Navy will

16   ensure that its use of SURTASS LFA sonar for testing, training, and military operations does not

17   result in received sound pressure levels exceeding 180 dB at a distance less than the specified

18   distances from coastlines or baselines drawn between islands in an archipelagic chain as defined

19   in Tab 2; however, this limitation shall not apply to the circumstances described in paragraph 5.

20       5.      The parties agree that the Navy may operate the SURTASS LFA sonar system

21   outside the agreed upon operating areas described in Tabs 1-4, but within the areas authorized

22   under the current LOA for the Western Pacific operating area and future LOAs for the Western

23   Pacific and Hawaiian operating areas, when necessary to continue tracking an existing underwater

24   contact or when operationally necessary to detect a new underwater contact to maximize

25   opportunities for detection.  This exception applies to operations only, and does not apply to any

26   testing or training activities, including multinational training exercises such as the Rim of the

27   Pacific Exercise ("RIMPAC").

28

1      6.      The parties agree that if either Plaintiffs or Defendants seek an alteration to the

2   agreed-upon operating areas described in Tabs 1-4, the parties shall first engage in a meet-and-

3   confer process with the assistance of a court-designated mediator.  This meet-and-confer process

4   shall be subject to the Opinion and Order and any subsequent relevant opinions, orders, or other

5   applicable authority.  If the meet-and-confer process does not yield an agreement, any party may

6   apply to the Court for resolution of the dispute.

7      7.      Use of SURTASS LFA sonar pursuant to this Stipulation shall remain subject to

8   the current Final Rule and applicable LOAs issued by NMFS.  In the event of a conflict between

9   this Stipulation and any LOA issued under the current Final Rule, the more restrictive condition,

10   provision, or requirement will apply.

11      8.      Defendants agree to pay Plaintiffs a reasonable amount for their costs of litigation

12   (including reasonable attorneys' fees).  The parties agree to employ good faith efforts to reach an

13   expeditious negotiated resolution of the amount of such costs and fees.  By this agreement,

14   Defendants do not waive any right to contest specific fees or expenses claimed by either Plaintiffs

15   or the Plaintiffs' counsel, including hourly rates, in this litigation or in any future litigation.

16   Pursuant to Civil Local Rule 6-2, the parties stipulate that the deadlines established by the Equal

17   Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, shall govern any application of attorneys' fees

18   and costs in this matter, notwithstanding any deadline provisions of the Civil Local Rules,

19   including Local Rule 54-1 and 54-6.  Pursuant to EAJA, 28 U.S.C. § 2412, if a negotiated

20   resolution is not arrived at by that time, an initial application for attorneys' fees and costs will be

21   made within 30 days of the Court's entry of Plaintiffs' request for dismissal with prejudice to be

22   filed pursuant to Paragraph 11 below.  Plaintiffs shall then have up to 120 days following the

23   filing of an initial EAJA application to file any supplementary or modified applications, related

24   pleadings to advance the adjudication of the application, and/or supporting materials they deem

25   appropriate.  The length of any brief or memorandum of points and authorities filed in support of

26   Plaintiffs' EAJA application shall be governed by the Civil Local Rules.  If Plaintiffs' initial

27   EAJA application is filed within 30 days of the Court's entry of Plaintiffs' request for dismissal

28   with prejudice, Defendants hereby agree not to argue that any supplementary or modified

1    applications, related pleadings and/or supporting materials filed within the 120 days following the

2    filing of an initial EAJA application are untimely, should have been filed with the initial EAJA

3    application or, except as provided above, are otherwise out of order.

4        9.      This Stipulation is not to be construed as a concession by either party as to (a) the

5    potential impacts on marine mammals or other animals of operating SURTASS LFA sonar,

6    (b) the absence or presence of marine mammals or other animals in any areas depicted in the

7    attached maps, or (c) the validity of any other fact or legal position concerning the claims or

8    defenses in this action.  This Stipulation applies to the SURTASS LFA sonar system and is not

9    intended to serve as precedent in any future rulemaking, in any other geographical areas, or

10   regarding any other Navy activities, including the use of any other sonar system.

11       10.     Nothing in this Stipulation shall prevent any party from filing an application with

12   the Court at any time to seek relief from its terms.  Before any such application is filed, the parties

13   shall meet and confer in good faith.

14       11.     Upon notification of approval of this Stipulation by the Court, Plaintiffs shall,

15   within no more than 15 days, submit a request that the Court dismiss the Complaint with

16   prejudice.  During the time period between the filing of this Stipulation and the Court's dismissal

17   of the Complaint with prejudice, the parties hereby agree not to file any pleadings or motions in

18   this matter that are not expressly contemplated by this Stipulation.  Notwithstanding the dismissal

19   of Plaintiffs' Complaint, the parties agree that the Court shall retain jurisdiction for the purpose of

20   resolving attorneys' fees and cost reimbursement issues under EAJA in the event that the parties

21   do not reach a negotiated resolution thereof, to oversee compliance with the terms of this

22   Stipulation, and to resolve any future disputes concerning the interpretation or implementation of

23   the Stipulation or motions to modify its terms.

24

25   Dated: August 8, 2008                    RONALD J. TENPAS

26                                            Assistant Attorney General
                                             United States Department of Justice
27                                           Environment & Natural Resources Division

28

FINAL Stipulated Settlement Agreement
NRDC v. Gutierrez, Case No. 07-4771-EDL                                        7

1   JEAN E. WILLIAMS, Chief
    KRISTEN L. GUSTAFSON, Senior Trial Attorney
2   Wildlife & Marine Resources Section
    GUILLERMO A. MONTERO, Trial Attorney
3   Natural Resources Section
    United States Department of Justice
4   Environment & Natural Resources Division
    Ben Franklin Station, P.O. Box 663
5   Washington, D.C. 20044-663
    Tel. (202) 305-0211/ Tel. (202) 305-0443
6   Fax (202) 305-0275/ Fax (202) 305-0274
    Kristen.Gustafson@usdoj.gov
7   Guillermo.Montero@usdoj.gov          \
8

9   FRANK R. JIMENEZ, General Counsel
    ROBERT J. SMITH, Attorney,
10  Department of the Navy
    DEBORAH BEN-DAVID
11  Attorney, NOAA Office of General Counsel

12

13

14  By:   /s/_____
          Kristen L. Gustafson

15

16  Counsel for Federal Defendants

17  Dated: August 8, 2008        MORRISON & FOERSTER LLP
                                 ROBERT L. FALK
18                               ROBIN S. STAFFORD
                                 425 Market Street
19                               San Francisco, CA 94105-2482
                                 Tel. (415) 268-7000
20                               Fax (415) 268-7522
21
                                 NATURAL RESOURCES DEFENSE COUNCIL,
22                               INC.
                                 JOEL R. REYNOLDS
23                               1314 Second Street
                                 Santa Monica, CA 90401
24                               Tel. (310) 434-2300
                                 Fax (310) 434-2399
25

26

27  By:   /s/_____
          Robin S. Stafford

28

FINAL Stipulated Settlement Agreement
NRDC v. Gutierrez, Case No. 07-4771-EDL                              8

1

2

3

4

5

Attorneys for Plaintiffs
NATURAL RESOURCES DEFENSE COUNCIL,
INC.; INTERNATIONAL FUND FOR ANIMAL
WELFARE; THE HUMANE SOCIETY OF THE
UNITED STATES; CETACEAN SOCIETY
INTERNATIONAL; LEAGUE FOR COASTAL
PROTECTION; OCEAN FUTURES SOCIETY;
JEAN-MICHEL COUSTEAU

6

7          I hereby attest that I have on file all holograph signatures for any signatures indicated by a

8     "conformed" signature (/s/) within this efiled document.

9                                              By: /s/ Robin Stafford
                                                   Robin Stafford
10

11

12     PURSUANT TO STIPULATION, IT IS SO ORDERED.

13

14

15     Dated: __August 12_____, 2008.     By: _____

16

17

18

19

20

21

22

23

24

25

26

27

28

# Tab 1: Western Pacific



## Tab 2: Western Pacific

(1) PHILIPPINE SEA AREA - OPERATIONS AUTHORIZED YEAR ROUND.  Note: Between 17º 09.8' N., 123º 32.2' E and 30º 50.6' N., 131º 25.4' E., boundaries for the Philippine Sea are defined as set forth in coordinate sets (3) through (5); i.e., the Ryukyu Island Chain, the Luzon Strait, and Taiwan.

| LATITUDE | LONGITUDE |
|----------|-----------|
| 17 09.8 N | 123 32.2 E |
| 15 33.5 N | 123 00.9 E |
| 14 41.2 N | 125 07.7 E |
| 12 31.3 N | 126 28.6 E |
| 10 00.0 N | 127 09.5 E |
| 10 00.0 N | 137 16.0 E |
| 11 00.0 N | 137 37.0 E |
| 11 00.0 N | 140 44.6 E |
| 10 00.0 N | 141 31.9 E |
| 10 00.0 N | 180 00.0 E |
| 29 20.0 N | 180 00.0 E |
| 29 20.0 N | 178 00.0 E |
| 30 20.0 N | 178 00.0 E |
| 30 20.0 N | 180 00.0 E |
| 40 00.0 N | 180 00.0 E |
| 40 00.0 N | 143 32.7 E |
| 35 09.6 N | 141 55.4 E |
| 34 17.2 N | 140 55.2 E |
| 33 06.7 N | 140 58.4 E |
| 31 02.2 N | 141 17.3 E |
| 28 24.4 N | 142 52.1 E |
| 27 10.0 N | 140 44.8 E |
| 30 10.7 N | 139 10.3 E |
| 32 45.7 N | 138 35.4 E |
| 33 34.3 N | 138 14.5 E |
| 32 29.3 N | 136 12.3 E |
| 31 34.6 N | 132 38.6 E |
| 30 50.6 N | 131 25.4 E |

```
(2) PHILIPPINE SEA EXCLUSION ZONE - NO OPERATIONS
LATITUDE       LONGITUDE
28 24.4 N      142 52.1 E
27 39.4 N      143 15.9 E
26 33.3 N      143 16.6 E
25 51.3 N      142 57.4 E
24 54.2 N      142 22.7 E
24 22.9 N      142 26 2 E
23 57.5 N      142 24.2 E
21 26.0 N      144 44.6 E
21 24.5 N      145 13.5 E
21 01.1 N      145 43.5 E
19 55.5 N      146 21.7 E
18 14.8 N      146 46.6 E
17 33.4 N      146 49.8 E
16 30.0 N      146 42.4 E
15 00.0 N      146 43.0 E
14 51.2 N      146 13.5 E
13 47.4 N      145 44.3 E
12 50.1 N      145 04.4 E
12 40.5 N      144 35.8 E
12 52.2 N      144 14.9 E
13 19.9 N      144 01.1 E
13 57.6 N      144 15.4 E
14 45.4 N      145 01.0 E
15 00.0 N      144 37.4 E
16 44.9 N      144 46.6 E
19 17.6 N      144 31.1 E
20 15.0 N      144 00.7 E
20 32.5 N      143 56.1 E
20 50.2 N      143 59.3 E
23 20.0 N      141 41.6 E
23 19.3 N      141 18.8 E
23 31.0 N      140 50.2 E
23 55.9 N      140 31.0 E
24 51.7 N      140 15.3 E
25 39.0 N      140 18.3 E
27 10.0 N      140 44.8 E
30 10.7 N      139 10.3 E
```

Case No. 07-4771-EDL

```
(3) WESTERN PHILIPPINE SEA AREA - RYUKYU ISLAND CHAIN - OPERATIONS AUTHORIZED
YEAR ROUND
LATITUDE       LONGITUDE
24 07.2 N      122 13.8 E
23 42.3 N      123 49.3 E
24.22.6 N      124 51.2 E
24 25.9 N      125 28.4 E
24 29.8 N      125 42.7 E
25 44.4 N      126 57.6 E
25 35.7 N      127 35.4 E
26 03.2 N      128 13.1 E
26 37.6 N      128 37.5 E
27 06.0 N      128 50.8 E
27 27.3 N      129 12.5 E
27 57.2 N      129 39.6 E
27 59.1 N      130 01.8 E
28 05.7 N      130 16.3 E
28 18.5 N      130 22.4 E
28 32.9 N      130 21.5 E
28 49.1 N      129 46.2 E
28 52.4 N      129 31.0 E
28 54.8 N      129 26.9 E
29 15.2 N      129 53.1 E
29 39.3 N      130 11.9 E
29 57.1 N      130 39.4 E
30 09.4 N      131 13.8 E
30 40.0 N      131 25.9 E
30 50.6 N      131 25.4 E
31 34.6 N      132 38.6 E

(4) WESTERN PHILIPPINE SEA AREA - LUZON STRAIT (INCLUDING BASHI CHANNEL) -
OPERATIONS AUTHORIZED YEAR ROUND
LATITUDE       LONGITUDE
15 33.5 N      123 00.9 E
17 09.8 N      123 32.3 E
18 39.6 N      123 18.9 E
19 09.5 N      122 31.0 E
19 32.2 N      122 18.3 E
19 55.8 N      122 29.3 E
21 15.4 N      122 15.1 E
21 23.0 N      122 06.7 E
21 25.3 N      121 55.0 E
21 20.6 N      121 42.2 E
21 05.5 N      121 35.7 E
20 47.3 N      121 28.6 E
20 14.3 N      121 27.8 E
20 04.1 N      121 37.6 E
20 00.0 N      121 50.8 E
19 50.7 N      121 51.2 E
19 37.9 N      121 12.1 E
18 39.1 N      119 58.1 E
18 00.0 N      119 56.4 E
```

```
(5) WESTERN PHILIPPINE SEA AREA - TAIWAN - OPERATIONS AUTHORIZED YEAR ROUND
LATITUDE        LONGITUDE
22 34.1 N       119 41.6 E
22 04.9 N       119 53.0 E
21 33.1 N       120 22.2 E
21 28.3 N       120 31.6 E
21 26.6 N       120 56.6 E
21 39.1 N       121 39.6 E
21 43.5 N       121 49.9 E
21 55.6 N       121 55.5 E
22 38.6 N       122 01.9 E
23 26.6 N       122 03.2 E
24 07.2 N       122 13.8 E
23 42.3 N       123 49.3 E

(6) SEA OF JAPAN - NO OPERATIONS MAY THRU JULY
LATITUDE        LONGITUDE
42 00.0 N       131 14.9 E
40 28.7 N       139 10.7 E
39 58.3 N       138 57.5 E
39 18.1 N       139 13.9 E
39 13.4 N       138 27.5 E
38 43.6 N       138 03.1 E
37 33.6 N       135 51.5 E
36 53.0 N       135 57.6 E
36 18.2 N       135 19.2 E
36 48.9 N       133 27.8 E
37 24.1 N       132 13.0 E
38 07.6 N       130 57.8 E
37 45.7 N       129 43.1 E
39 31.2 N       128 33.2 E
40 25.3 N       130 12.2 E
40 51.4 N       130 28.4 E
41 24.1 N       130 28.9 E

(7) SEA OF JAPAN - YAMATO RISE - NO OPERATIONS
LATITUDE        LONGITUDE
40 05.9 N       135 31.3 E
39 34.0 N       136 12.0 E
39 06.0 N       135 45.4 E
39 01.9 N       135 32.9 E
39 02.4 N       135 11.6 E
38 41.8 N       134 15.0 E
39 01.9 N       133 42.9 E
```

```
(8) EAST CHINA SEA AREA - OPERATIONS AUTHORIZED YEAR ROUND
LATITUDE      LONGITUDE
31 49.2 N     127 40.3 E
30 55.6 N     128 50.1 E
30 36.6 N     128 49.5 E
30 18.0 N     129 09.4 E
28 56.1 N     128 22.3 E
28 23.6 N     128 20.8 E
28 23.2 N     127 52.5 E
28 03.7 N     127 38.8 E
27 18.5 N     127 25.9 E
27 00.5 N     126 53.1 E
26 45.7 N     126 17.0 E
25 24.0 N     124 59.3 E
25 08.7 N     124 14.0 E
24 54.1 N     123 25.7 E
25 27.9 N     124 05.0 E
25 48.9 N     124 15.8 E
26 16.2 N     124 14.7 E
26 29.1 N     123 39.5 E
26 20.4 N     123 17.6 E
25 44.5 N     122 42.6 E
26 03.9 N     122 25.3 E
26 10.2 N     122 06.9 E
26 04.6 N     121 42.8 E
25 46.3 N     121 17.3 E
26 16.9 N     121 03.3 E
27 11.8 N     121 33.8 E
28 41.6 N     122 47.9 E
30 54.3 N     123 33.5 E

(9) SOUTH CHINA SEA AREA - OPERATIONS AUTHORIZED YEAR ROUND
LATITUDE      LONGITUDE
18 39.1 N     119 58.1 E
18 00.0 N     119 56.4 E
18 00.0 N     112 58.9 E
19 55.9 N     116 35.5 E
20 35.8 N     117 32.2 E
21 40.2 N     116 38.4 E
22 10.8 N     118 46.4 E
22 34.1 N     119 41.6 E
22 04.9 N     119 53.0 E

(10) SOUTH CHINA SEA - NO OPERATIONS NOV THRU APR
LATITUDE      LONGITUDE
18 00.0 N     112 58.9 E
18 00.0 N     110 43.5 E
19 30.2 N     113 06.3 E
19 58.1 N     114 03.7 E
19 56.0 N     114 32.1 E
20 14.3 N     115 02.9 E
20 54.1 N     115 53.2 E
19 55.9 N     116 35.5 E
```

```
(11) YEAR ROUND OPERATIONS AUTHORIZED OUTSIDE OF RADII FOR THE FOLLOWING
ISLANDS IN THE NORTHWESTERN PACIFIC WITHIN THE PHILIPPINE SEA AREA.
LOCATION      LATITUDE (N)   LONGITUDE (E) RADIUS (NM)
WAKE          19 17.978      166 37.113     30
SIBYLLA       14 36.072      169 00.399     30
BIKAR         12 11.703      170 06.769     30
TAKA/UTRIK    11 11.141      169 43.444     35
MEJIT         10 16.993      170 53.053     30
WOTHO         10 10.639      166 01.002     30
RONGELAP      11 09.158      166 53.636     35
BIKINI        11 36.512      165 23.887     40
ENEWATAK      11 20.015      162 19.518     30
ENJEBI        11 39.878      162 14.245     30
```

# Tab 3: Hawaii



### **Tab 4.  Hawaii**

**Operations are authorized year round**

| Hawaii North | |
| --- | --- |
| Latitude | Longitude |
| 30 00.0N | 160 00.0W |
| 30 00.0N | 153 00.0W |
| 29 34.2N | 152 13.1W |
| 29 06.0N | 151 23.5W |
| 28 37.2N | 150 42.4W |
| 28 00.0N | 150 00.0W |
| 22 03.4N | 156 55.5W |
| 22 02.5N | 157 03.5W |
| 22 09.9N | 157 11.5W |
| 22 18.7N | 157.21.2W |
| 22 25.5N | 157 28.8W |
| 22 29.1N | 157.36.3W |
| 22 32.6N | 157 45.9W |
| 22 32.6N | 158 10.3W |
| 22 24.5N | 158 27.2W |
| 22 42.0N | 158 36.5W |
| 22 49.8N | 158 44.1W |
| 25 00.0N | 160.00.0W |

| Hawaii South | |
| --- | --- |
| Latitude | Longitude |
| 18 01.5N | 161 50.3W |
| 20 39.6N | 158 41.2W |
| 20 29.6N | 158 25.0W |
| 20 26.5N | 157 47.5W |
| 20 09.6N | 157 35.6W |
| 19 51.6N | 157 14.4W |
| 19 42.9N | 156 56.5W |
| 18 33.2N | 156 38.9W |
| 18 09.1N | 156 03.0W |
| 18 04.7N | 155 42.4W |
| 17 00.0N | 155 00.8W |
| 16 30.3N | 156 01.4W |
| 16 13.0N | 157 17.3W |
| 16 13.5N | 158 30.6W |
| 16 30.3N | 159 39.7W |
| 17 00.8N | 160 43.5W |
| 17 30.7N | 161 23.1W |